### STATE OF CONNECTICUT *v.* WILLIAM B. PEREZ

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 6—decision released February 24, 1981

*Igor I. Sikorsky, Jr.,* for the appellant (defendant).

*Richard A. Schatz,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (state).

ARMENTANO, J.   The defendant was tried and found guilty by the jury of the crimes of burglary in the third degree[1] in violation of General Statutes § 53a-103 and larceny in the first degree[2] in violation of General Statutes § 53a-122 (a) (2).   The

---

[1] General Statutes § 53a-103 (a) provides that "[a] person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

[2] General Statutes § 53a-122 (a) (2) provides that "[a] person is guilty of larceny in the first degree when . . . the value of the property or service exceeds two thousand dollars."

defendant has appealed claiming that the court erred (1) in refusing to grant his motion for acquittal; (2) in refusing to set aside the verdict; (3) in charging the jury on circumstantial evidence; and (4) in failing to instruct the jury with his requested charge.

At this trial there was evidence presented from which the jury could have found the following facts: Between 8 p.m. on November 20, 1977, and 7:45 a.m. on November 21, 1977, Saul's Prescription Center (hereinafter the Center) in the town of Wethersfield was burglarized. Entry was gained into the Center by removing a two by three foot grate and then smashing and opening a rear, upper window. A stepladder found nearby provided access to the grate and window. Inside the Center the door of the narcotics cabinet, built into the prescription counter, had been broken and all the narcotics stored there were missing. The narcotics had a wholesale value of $560 and a retail value between $900 and $1000. A safe, a wallet, liquor and candy were also stolen. The safe, which had been forcibly pried open, was found empty in Keney Park, Hartford, between 12:45 p.m. and 1 p.m. on November 21. Over $2000 in cash contained in the safe was missing. The police discovered and identified the defendant's fingerprints on the inside of the narcotics cabinet and on the safe. The other items taken from the Center were never found.

Only authorizd personnel were permitted behind the prescription counter and in the vicinity of the narcotics cabinet and safe. The defendant was not an authorized person and never received permission to enter the area or to open the narcotics cabinet. Likewise, he had no permission to remove or open

the safe. Neither was he an employee of the Center nor was he seen in the Center prior to November 20, 1977. At the trial, the defendant presented no evidence.

The defendant's assignment of errors concerning the denial of the motion for acquittal and the request to set aside the verdict is essentially an attack on the sufficiency of the evidence to sustain his conviction of the crimes charged beyond a reasonable doubt. " 'This court's task in reviewing the sufficiency of the evidence to sustain the verdict of a jury is to construe the evidence as favorably as possible with a view toward sustaining the verdict and then to decide whether the verdict is one which jurors acting reasonably could have reached. *State* v. *Brown,* 169 Conn. 692, 364 A.2d 186; *State* v. *Wright,* 169 Conn. 256, 257, 362 A.2d 983.' *State* v. *Jeustiniano,* 172 Conn. 275, 281, 374 A.2d 209." *State* v. *Jones,* 173 Conn. 91, 94, 376 A.2d 1077 (1977). It is the province of the jury to draw reasonable and logical inferences from the facts proved. *State* v. *Hackett,* 182 Conn. 511, 525, 438 A.2d 726 (1980) ; *State* v. *Williams,* 169 Conn. 322, 336, 363 A.2d 72 (1975). It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. *State* v. *Gaynor,* 182 Conn. 501, 438 A.2d 749 (1980) ; *State* v. *Brown,* 168 Conn. 610, 616, 362 A.2d 910 (1975) ; *State* v. *Walters,* 145 Conn. 60, 69, 138 A.2d 786 (1958). There is no distinction between direct and circumstantial evidence as far as probative force is concerned. *State* v. *Cari,* 163 Conn. 174, 179, 303 A.2d 7 (1972).

When a verdict is challenged on appeal, the issue is whether the jury could have reasonably concluded that the cumulative effect of all the facts it

could have found or inferred established the defendant's guilt beyond a reasonable doubt. *State* v. *Ruiz,* 171 Conn. 264, 276-77, 368 A.2d 222 (1976); *State* v. *Benton,* 161 Conn. 404, 407, 288 A.2d 411 (1971). All the evidence in this case points to an unlawful, forcible entry into the Center, the narcotics cabinet and the safe. The location and condition of the safe, found so quickly after the discovery of the break-in; the nature and value of the personal property taken; and the short time span from the closing of the Center to the discovery of the missing property all lead to an inference of a wrongful taking. Finally, the discovery of the defendant's fingerprints on the narcotics cabinet and safe, coupled with the testimony that he had neither the authority nor the opportunity to be legitimately in the area of these items, could have effectively connected the defendant to the forcible entry and wrongful taking beyond any reasonable doubt. The court did not err in denying the defendant's motion for acquittal or to set aside the verdict.

The defendant claims that the court erred in its instructions to the jury on circumstantial evidence and by not charging the jury as he requested. The paragraphs of the requested charge at issue dealt essentially with circumstantial evidence.[3] A resolution of the charge on circumstantial evidence is dispositive of these claimed errors.

The court charged the jury in part as follows: "You may give such weight as you may determine to the manner in which counsel have put their evi-

---

[3] The defendant also claimed the court erred in failing to instruct the jury as he requested with two other paragraphs of his requested charge. Since this error has not been briefed, it is considered abandoned. *Rowland* v. *Maher,* 176 Conn. 57, 61n, 404 A.2d 894 (1978); *State* v. *Ruiz,* 171 Conn. 264, 265, 368 A.2d 222 (1976).

dence together and apply it to the law. You may draw from any facts which have been admitted or proved to you such inferences as are reasonable and logical. Inferences should not be drawn but from logical relation to facts which you have found to be proved or admitted. You should not base any inferences on things that you might surmise, speculate or guess. This is what is called circumstantial evidence. Drawing of inferences from facts found, admitted or proved to prove a material fact." The judge also charged the jury that the presumption of innocence "requires if a piece of evidence offered is capable of two reasonable constructions, one of which favors innocence, it must be given the construction favoring innocence."

The charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict. *State* v. *Rose,* 169 Conn. 683, 688–89, 363 A.2d 1077 (1975); *State* v. *Bell,* 153 Conn. 540, 544, 219 A.2d 218 (1966). After reviewing the court's instruction on the law of circumstantial evidence in light of the charge as a whole; *State* v. *Theriault,* 182 Conn. 366, 379, 438 A.2d 432 (1980); *State* v. *Roy,* 173 Conn. 35, 40, 376 A.2d 391 (1977); we are of the opinion that it was satisfactory and correct. The charge as given adequately instructed the jury and gave them a clear understanding of circumstantial evidence. See *Reliance Ins. Co.* v. *Commission on Human Rights & Opportunities,* 172 Conn. 485, 489–90, 374 A.2d 1104 (1977); *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976).

There is no error.

In this opinion the other judges concurred.