## STATE OF CONNECTICUT *v.* JOHN J. CIMINO, JR.
### (11453)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued June 13—decision released August 7, 1984

*Joseph Dimyan,* for the appellant (defendant).

*Richard D. Arconti,* assistant state's attorney, for the appellee (state).

SPEZIALE, C. J. After a jury trial, the defendant, John J. Cimino, Jr., was convicted of the crimes of arson in the third degree in violation of General Statutes § 53a-113[1] and burglary in the third degree in violation of General Statutes § 53a-103.[2] The defendant now appeals from the judgment, claiming that the trial

---

[1] General Statutes § 53a-113 provides: "(a) A person is guilty of arson in the third degree if he recklessly causes destruction or damage to a building, as defined in section 53a-100, of his own or of another by intentionally starting a fire or causing an explosion.

"(b) Arson in the third degree is a class C felony."

[2] General Statutes § 53a-103 provides: "(a) A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein.

"(b) Burglary in the third degree is a class D felony."

court erred in denying his motions for judgment of acquittal[3] because of insufficient evidence. We find no error.

The sole issue on appeal is whether the evidence presented at trial was sufficient to justify the verdict of guilty beyond a reasonable doubt. In reviewing the sufficiency of the evidence this court must construe the evidence in the light most favorable to sustaining the verdict; *State* v. *Ferrell,* 191 Conn. 37, 46, 463 A.2d 573 (1983); and then determine whether the jury "could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Jackson,* 176 Conn. 257, 262, 407 A.2d 948 (1978); see *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). The defendant contends and the state admits that much of the evidence presented at trial was circumstantial. As we have stated on numerous occasions, "there is no legal distinction between direct and circumstantial evidence so far as probative force is concerned." *State* v. *Haddad,* 189 Conn. 383, 390, 456 A.2d 316 (1983); *State* v. *Perez,* 183 Conn. 225, 227, 439 A.2d 305 (1981); *State* v. *Wilson,* 178 Conn. 427, 434, 423 A.2d 72 (1979). "It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence." *State* v. *Perez,* supra, 227.

The jury could reasonably have found the following facts: At approximately 12:30 a.m. on August 18, 1981, the defendant, driving a borrowed orange Volkswagen, bought two one-gallon containers of gasoline at a gas station in Danbury. At about 1:25 a.m., two Western

---

[3] The defendant moved for a judgment of acquittal at the conclusion of the state's case and renewed his motion after the jury returned its verdict of guilty.

Connecticut State College security officers saw an orange Volkswagen being driven into a parking lot on White Street in Danbury. As the officers watched from roughly 350 feet away, the driver of the Volkswagen got out of the car and crossed White Street carrying something that looked like a tool box. This person entered the Empire Auto Sales car lot located at the corner of White Street and Moss Avenue. The officers drove to the lot to investigate, but found no one there. They also drove up Moss Avenue without seeing anyone and returned to a lot across the street from the Empire Auto Sales lot.

A few minutes after the officers returned, which was approximately fifteen minutes after the driver of the Volkswagen crossed White Street, they noticed smoke coming from Osborne Street, a street parallel to White Street approximately two-tenths of a mile to the north. An individual later identified as the defendant then appeared in the well lighted Empire lot. The officers drove to within ten or fifteen feet of the person and got out of their car. The defendant fled, carrying two dark plastic containers the size of milk cartons. Two brown plastic one-gallon containers which had held gasoline and which were identified as those sold to the defendant earlier that morning were found shortly afterwards near the path of the defendant's flight. The defendant returned to the Volkswagen fifteen minutes later and was arrested. The car smelled of gasoline, but no gasoline was found on the defendant's clothes.

A fire in a wooden house at 38 Osborne Street was reported to the Danbury fire department at 1:36 a.m. on August 18, 1981. The fire had been set from within using gasoline[4] and was fast spreading. The Danbury

---

[4] The state's expert witness initially testified that the analysis of the sample of burnt wood taken from the house revealed the presence of a compound similar to gasoline. On cross and redirect examination, however, the expert explained that by this she meant that while the tests performed on

fire marshal estimated that the fire had probably been set ten or fifteen minutes before smoke would have become visible but that it was impossible to fix exactly the time of ignition.

Thus, although there was no direct evidence that the defendant entered the house and set it on fire, there was uncontroverted evidence that the fire was set with gasoline, that the defendant purchased and possessed gasoline during the relevant period, that the defendant was in the immediate vicinity shortly before and after the fire was reported, and that the defendant fled[5] when confronted by the two security officers.

We conclude that the cumulative effect of the evidence presented and the permissible inferences drawn therefrom were sufficient to justify the jury in finding the defendant guilty beyond a reasonable doubt of the crimes charged. The trial court, therefore, did not err in denying the defendant's motions for judgment of acquittal.

There is no error.

In this opinion the other judges concurred.

the wood and the liquid taken from the brown plastic container both showed the definite presence of gasoline, she could not say that the gasoline came from the same source.

[5] We note that " '[f]light, when unexplained, tends to prove a consciousness of guilt.' " *State* v. *Beaulieu,* 164 Conn. 620, 632, 325 A.2d 263 (1973); see *State* v. *Rosa,* 170 Conn. 417, 432–33, 365 A.2d 1135, cert. denied, 429 U.S. 845, 97 S. Ct. 126, 50 L. Ed. 2d 116 (1976).