STATE OF CONNECTICUT *v.* JERMYN REED
(AC 17543)

Landau, Schaller and Sullivan, Js.

Argued June 7—officially released October 5, 1999

*James B. Streeto*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Jermyn Reed, appeals from the judgment of guilty, rendered after a jury trial, of three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2)[1] and three counts of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21.[2] The defendant claims that the trial court improperly (1) denied his motions for judgment of acquittal because there was insufficient evidence to support his convictions of sexual assault in the first degree beyond a reasonable doubt, (2) exercised jurisdiction with respect to the sexual assault charges because the information was defective, (3) expanded and amended the information and (4)

---

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes (Rev. to 1995) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

instructed the jury on reasonable doubt and the presumption of innocence. We affirm the trial court's judgment.

The jury reasonably could have found the following facts. During July and August, 1995, R, who lived in New York, visited his cousins, L and J, at their home in Connecticut. L, the son of the defendant's sister, was seven years old and J, her daughter, was nine. R, the son of the defendant's cousin, also was seven years old. The defendant often visited the home and babysat for the victims. The defendant came to the attic room where R and L slept and, as R testified, "sucked our Tilly [penises]," "licked our butts" and "[stuck] his Tilly [penis] in my, in our butts." As L testified, the defendant "[sucked] on [L's] private," "[p]ut his private in my butt" and "[told] me to suck [R's] private." The sexual assaults continued after R returned to New York. The defendant warned L that if he told anyone about the assaults "he was going to give [L] a whopping." The defendant also "tried to put his private into [J's] bottom and he licked [J's] private." The victims told their parents about the incidents. The defendant admitted to his sister that he had sexually assaulted the children.

I

The defendant first claims that there was insufficient evidence to find him guilty of sexual assault in the first degree. He argues that the state failed to prove an essential element of the crime, namely, that he was more than two years older than the victims, because there was no direct evidence of his birth date. We disagree.

"Our Supreme Court has stated: In reviewing [a] sufficiency [of evidence] claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences

reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . *State* v. *Radzvilowicz*, 47 Conn. App. 1, 16, 703 A.2d 767, cert. denied, 243 Conn. 955, 704 A.2d 806 (1997).

"The evidence must be construed in a light most favorable to sustaining the jury's verdict. *State* v. *Carter*, [196 Conn. 36, 44, 490 A.2d 1000 (1985)]. It is within the province of the jury to draw reasonable and logical inferences from the facts proven. Id.; *State* v. *Williams*, 169 Conn. 322, 336, 363 A.2d 72 (1975). The jury may draw reasonable inferences based on other inferences drawn from the evidence presented. *State* v. *Williams*, 202 Conn. 349, 355, 521 A.2d 150 (1987); *State* v. *Carter*, supra, 44–45; *State* v. *Gabriel*, 192 Conn. 405, 425, 473 A.2d 300 (1984) . . . . Our review is a fact based inquiry limited to determining whether the inferences drawn by the jury are so unreasonable as to be unjustifiable. . . . *State* v. *Ford*, 230 Conn. 686, 692, 646 A.2d 147 (1994). We note that the probative force of the evidence is not diminished because it consists, in whole or in part, of circumstantial evidence rather than direct evidence. *State* v. *Robinson*, 213 Conn. 243, 254, 567 A.2d 1173 (1989). *State* v. *Lago*, 28 Conn. App. 9, 30, 611 A.2d 866, cert. denied, 223 Conn. 919, 614 A.2d 828 (1992). It has been repeatedly stated that there is no legal distinction between direct and circumstantial evidence so far as probative force is concerned. *State* v. *Haddad*, 189 Conn. 383, 390, 456 A.2d 316 (1983); *State* v. *Perez*, 183 Conn. 225, 227, 439 A.2d 305 (1981). It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. *State* v. *Perez*, supra, 227. . . . [T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the

evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . *State* v. *Boykin*, 27 Conn. App. 558, 563–64, 609 A.2d 242, cert. denied, 223 Conn. 905, 610 A.2d 179 (1992)." (Internal quotation marks omitted.) *State* v. *Rozmyslowicz*, 52 Conn. App. 149, 152–53, 726 A.2d 142 (1999).

The ages of the victims at the time of the assaults in 1995 were seven, seven and nine. The state, therefore, had to prove that the defendant was at least twelve years old at the time.[3] The defendant's sister testified that in 1994 the defendant was enrolled in Miles College in Alabama. The defendant's mother testified that in 1994 he was employed by the state of Connecticut at its emissions testing station in Stratford. Viewing this evidence in the light most favorable to sustaining the verdict, we conclude that the jury reasonably could have determined beyond a reasonable doubt that the defendant was at least twelve years old. Indeed, this evidence would support a finding that he was substantially older than twelve.

## II

The defendant next argues that the trial court lacked jurisdiction because the information failed to charge the defendant properly with sexual assault in the first degree. We disagree.

---

[3] Contrary to the defendant's assertion, we do not read *State* v. *Jason B.*, 248 Conn. 543, 729 A.2d 760 (1999), to require direct evidence of a defendant's age under General Statutes (Rev. to 1997) § 53a-70 (a) (2), nor is our conclusion in this case inconsistent with *Jason B.* In *Jason B.*, the court concluded that "two years" as used in the statute refers not to calendar years but rather to the shorter time period measured by the days separating the birth dates of the victim and the defendant. Id., 554. In this case, the circumstantial evidence showed that the defendant was more than two calendar years older than the victims. Thus, there was no need to rely on birth dates.

Although the defendant raises this issue for the first time on appeal, a jurisdictional challenge based on a defective information nonetheless is reviewable. Practice Book § 41-5;[4] *State* v. *McMurray*, 217 Conn. 243, 249, 585 A.2d 677 (1991).

Additional facts are necessary to our resolution of this claim. The state initially charged the defendant in 1996 in a short form information with violations of "Sec. 53a-70." Before the defendant filed a motion for a bill of particulars, however, the state on April 9, 1996, filed a long form information, charging that the defendant "engaged in sexual intercourse with another person and such other person was under thirteen (13) years of age, in violation of section 53a-70 (a) (2) of the Connecticut General Statutes."

"When reviewing a claim, not raised prior to the verdict, that an information fails to charge all the essential elements of an offense, we must construe the information liberally in favor of the state. See *Hagner* v. *United States*, 285 U.S. 427, 433, 52 S. Ct. 417, 76 L. Ed. 861 (1932); *United States* v. *Hooker*, 841 F.2d 1225, 1228–29 (4th Cir. 1988); *United States* v. *Previte*, 648 F.2d 73, 80 (1st Cir. 1981); *United States* v. *Fistel*, 460 F.2d 157, 161 (2d Cir. 1972). Under the applicable standard of review, a conviction based upon a challenged information is valid unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. *United States* v. *Fistel*, supra, 161, quoting *United States*

---

[4] Practice Book § 41-5, formerly § 811, provides: "Unless otherwise provided by these rules or statute, all pretrial motions or requests shall be made not later than ten days after the first pretrial conference in the court where the case will be tried, or, with permission of the judicial authority, at such later time as the judicial authority may fix. However, defenses and objections alleging lack of jurisdiction over the offense charged or failure of the information to charge an offense may be raised by the defendant or noticed by the judicial authority at any time during the pendency of the proceedings."

v. *Thompson*, 356 F.2d 216, 226 (2d Cir. 1965), cert. denied, 384 U.S. 964, 86 S. Ct. 1591, 16 L. Ed. 2d 675 (1966)." (Internal quotation marks omitted.) *State* v. *McMurray*, supra, 217 Conn. 250.

"When the state's pleadings have 'informed the defendant of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and were definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty.' *State* v. *Sumner*, 178 Conn. 163, 168, 422 A.2d 299 (1979). We have held that '[u]nder our practice, it is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense.' *State* v. *Ruiz*, 171 Conn. 264, 270, 368 A.2d 222 (1976); *State* v. *Sumner*, supra, 167; *State* v. *Davis*, 141 Conn. 319, 320–21, 106 A.2d 159 (1954); Practice Book §§ 618, 830–833 [now §§ 36-13, 41-20 through 41-22]. While a more detailed information might have been salutary, there was no constitutional infirmity in the state's practice here, nor in the requirement that the defendant request a more particularized allegation if he desires one. *State* v. *Davis*, supra, 321; see also *State* v. *Brown*, 163 Conn. 52, 61, 301 A.2d 547 (1972)." *State* v. *Vincent*, 194 Conn. 198, 205, 479 A.2d 237 (1984).

Neither information in this case specifically articulated each of the elements required to prove sexual assault in the first degree. The long form information, however, provided the defendant with the exact section and subsection of the statute under which he was charged. The information also undisputedly states the time and place that the alleged events occurred. That information was filed almost one year before trial. We

conclude that a reasonable construction of the information shows that it charged the defendant with the offense for which he was convicted. Moreover, the information was sufficiently precise to enable him adequately to prepare his defense. Because the information was adequate, we conclude that the trial court had jurisdiction over this matter.

## III

The defendant argues that the trial court improperly expanded and amended the information when it instructed the jury on all three elements of sexual assault in the first degree under § 53a-70. He claims that because the information was defective in that it omitted the requirement that the actor must be more than two years older than the victim, the court improperly amended and expanded the information by charging the jury on all of the statutory elements. There was no amendment here. The court instructed the jury as the information indicated. Because we concluded in part II of this opinion that the information properly charged the defendant, we find no merit to this claim.

## IV

The defendant finally argues that the trial court improperly instructed the jury on reasonable doubt and the presumption of innocence.[5] Because he failed to

[5] The trial court's final instruction stated in relevant part: "In this case, as in all criminal prosecutions, the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. This presumption of innocence was with this defendant when he was first presented for trial in this case. It continues with him throughout this trial unless and until such time as all evidence produced here in the orderly conduct of the case considered in the light of these instructions of law and deliberated upon by you in the jury room satisfies you beyond a reasonable doubt that he is guilty.

"The burden to prove the defendant guilty of the crimes with which he is charged is upon the state. The defendant does not have to prove his innocence. This means that the state must prove beyond a reasonable doubt each and every element necessary to constitute each crime charged. . . .

"The meaning of reasonable doubt can be arrived at by emphasizing the word reasonable. It is not a surmise, a guess or mere conjecture, nor is it

preserve his claims by requesting a charge or by objecting to the charge given by the trial court, the defendant seeks review under *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error rule pursuant to Practice Book § 60-5.

## A

With respect to the trial court's instruction on reasonable doubt, the defendant challenges two statements that he claims dilute or undermine the state's burden of proof: (1) "It is, in other words, a real doubt, an honest doubt, a doubt that has its foundation in the evidence or lack of evidence" and (2) "nor is it a doubt suggested by the ingenuity of counsel or of a juror not warranted by the evidence."

Our Supreme Court, considering these same statements, has held that they do not meet the requirements of *Golding* or the plain error standard. *State* v. *Hines,* 243 Conn. 796, 816–20, 709 A.2d 522 (1998); *State* v.

a doubt suggested by the ingenuity of counsel or of a juror not warranted by the evidence.

"It is such a doubt as in serious affairs that concern you, you would heed. That is, such a doubt as would cause reasonable men and women to hesitate to act upon the matters of importance. It is not hesitation springing from any feeling of pity or sympathy for the accused or any other persons who might be affected by your decision. It is, in other words, a real doubt, an honest doubt, a doubt that has its foundation in the evidence or lack of evidence. It is a doubt that is honestly entertained and is reasonable in light of the evidence after a fair comparison and careful examination of the entire evidence.

"Proof beyond a reasonable doubt does not mean proof beyond all doubt. The law does not require absolute certainty on the part of the jury before it returns a verdict of guilty. The law requires that after hearing all the evidence, if there is something in the evidence or lack of evidence that leaves in the minds of the jurors, as reasonable men and women, a reasonable doubt as to the guilt of the accused, then the accused must be given the benefit of that doubt and acquitted.

"Proof beyond a reasonable doubt is proof that precludes every reasonable hypothesis except guilt and is inconsistent with any other rational conclusion. If two conclusions can reasonably be drawn from the evidence, one of innocence and one of guilt, you must adopt the one of innocence."

*Taylor*, 239 Conn. 481, 504–505, 687 A.2d 489 (1996), cert. denied, 521 U.S. 1121, 117 S. Ct. 2515, 138 L. Ed. 2d 1017 (1997); see *State* v. *Cansler*, 54 Conn App. 819, 832–34, 738 A.2d 1095 (1999) (challenge to ingenuity of counsel instruction fails under third prong of *Golding*). We, therefore, conclude that this claim does not merit reversal under *Golding* or the plain error rule.

B

With respect to the trial court's instruction on the presumption of innocence, the defendant claims that the court improperly instructed the jury that the presumption of innocence terminates prior to the end of the trial. We review this claim pursuant to *Golding* and conclude that the court's instruction was proper.[6]

"When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . *State* v. *Denby*, 235 Conn. 477, 484–85, 668 A.2d 682 (1995)." (Internal quotation marks omitted.) *State* v. *Delgado*, 247 Conn. 616,

[6] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

625, 725 A.2d 306 (1999). "It is axiomatic that in reviewing a challenged portion of a jury charge, we must consider the charge as a whole and its effect in guiding the jury to a proper verdict. . . . We do not scrutinize an individual section of an instruction in artificial isolation from the overall charge in a microscopic search for possible error." (Internal quotation marks omitted.) *State* v. *Ryan,* 53 Conn. App. 606, 609–10, 733 A.2d 273 (1999).

Having considered the instructions in their entirety, we conclude that the court's charge on the presumption of innocence conveyed to the jury that the presumption endures for the duration of the trial and that it may be overcome only after the state proves the defendant's guilt beyond a reasonable doubt. The defendant's claim therefore fails to meet the third prong of *Golding* because he has not shown that a constitutional violation clearly exists and clearly deprived him of a fair trial. See id., 614 (claim of improper presumption of innocence instruction fails under third prong of *Golding*).

The judgment is affirmed.

In this opinion the other judges concurred.