## State of Connecticut *v.* Selman Topciu

Bogdanski, Peters, Healey, Armentano and Wright, Js.

Argued December 3, 1980—decision released January 20, 1981

*Martin J. Minnella,* for the appellant (defendant).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Dearington,* assistant state's attorney, for the appellee (state).

WRIGHT, J. After a jury trial the defendant was convicted of first degree arson in violation of General Statutes § 53a-111 (a). The facts of the case, although contested at trial, are not seriously disputed on appeal. The jury could have reasonably found that the defendant was responsible for initiating a fire and explosion at Murray's Downtown Restaurant in New Haven which injured two persons who were walking in front of the restaurant. The defendant owned Murray's in conjunction with his brother.

On appeal the defendant challenges the court's instructions to the jury, primarily in two respects. First he argues that the court's mention of the defendant's right to appeal denied him a fair trial. The second claim focuses on whether the court articulated the elements of the offense with sufficient clarity. We take up each claim in turn.

While delineating for the jury the respective functions of the court as the law-giver and the jury as the factfinder, the judge mentioned that any error in his statement of the law could be considered by an appellate court at a later time.[1] The defend-

---

[1] The pertinent portion of the charge is as follows:

"If I commit an error in telling you what the law is with respect to this case and somebody feels aggrieved by the decision in the case, that individual can get a transcript of what I said the law was, take appeal and some Appellate Court can examine that transcript, see what it was that I told you the law was, and in that way determine whether I committed an error in telling you what the law was. If you are not going to take the law as I give it to you and you are going to apply some law of your own when you get into the Jury Deliberating Room, there is no Court Reporter taking it down, what the law is that you applied, nobody will ever know what law you applied, there will be no possible way that any error can be rectified. As a matter of fact, there might be six different laws being applied when you all get in there to deliberate. So just accept what I am telling you is the law. Without question. Because that is the reason for it."

ant maintains that this reference resulted in the denial of a fair trial as guaranteed by the fourteenth amendment to the United States constitution.

Because no exceptions were taken to this portion of the court's instructions; see Practice Book, 1978, §§ 315 and 3063; the scope of our review in this respect is circumscribed by the "exceptional circumstances" doctrine announced in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). The defendant's claim involves a fundamental constitutional right and therefore falls within the second "exceptional circumstances" situation of *Evans.* We review the claim because the record is sufficiently complete for us to consider it on the merits. Id., 71.

The state concedes that, under certain circumstances, a reference in the jury charge to the defendant's right of appeal can be reversible error, even in the absence of such a claim being raised at trial. See, e.g., *United States* v. *Fiorito,* 300 F.2d 424 (7th Cir. 1962). The potential danger, of course, is that such an instruction may weaken the jury's sense of obligation in the performance of their duties because the jurors might assume that *any* error they might make can and will be rectified on appeal. For this reason, explicit references to the defendant's right of appeal are not encouraged. See *United States* v. *Cook,* 497 F.2d 753, 761 (9th Cir. 1972). In the present case, however, both the language employed by the trial court and the context within which the reference was made belie the claim that the court's remark could have operated to dilute the jury's sense of responsibility.

The import of the court's reference to the defendant's right of appeal was that the jury should not amend the court's instructions on the law to com-

port with their own concept of fairness, because the ultimate responsibility for ensuring that the instructions were correct rested elsewhere, with an appellate court. The reference neither invited reckless deliberations nor eroded the factfinding province of the jury. See *United States* v. *Miceli,* 446 F.2d 256, 259–60 (1st Cir. 1971). We hold that the reference did not deny the defendant a fundamental constitutional right and a fair trial.

The defendant next attacks the portion of the instructions that enumerated the elements of first degree arson. In its original charge to the jury, the court stated that the defendant "wasn't raising much of a fuss" about the fact that the fire was of incendiary origin.[2] In response to the defendant's objection on this point, the court recalled the jury

---

[2] The court instructed on this element as follows:

"Now, the essential elements of this offense are one, the accused starts a fire or causes an explosion. That is the first element that the State has to prove beyond a reasonable doubt. That the accused, the Defendant, Mr. Topciu, started a fire or caused an explosion.

Now, you recall the testimony. In this case, the State claims that the fire, there is no question about the fact there was a fire and an explosion, nobody disputes that. The State claims that that fire was incendiary in origin and caused an explosion. The Defense in this case isn't raising much of a fuss about that, it claims that it has introduced some evidence that this could have happened by accidental means which means that it wasn't incendiary, there was no human element involved. It introduced some testimony by an expert, Mr. Black, that this could have been caused by a gas leak which caused an explosion and then the fire started. You have those two claims before you. You must find, in order to find the Defendant guilty, that he started a fire or caused an explosion. If you don't find that, then stop whatever you are doing and you have to find him not guilty. Because that element must be proved beyond a reasonable doubt. That he started a fire or caused an explosion. That is the first element."

and gave a curative charge.[3] The defendant now claims that, as supplemented, the charge misled the jury with respect to the burden of proof on the element of first degree arson which requires that the defendant "starts a fire or causes an explosion." See General Statutes § 53a-111 (a). We do not agree.

The supplementary charge completely remedied any misconception caused by the initial charge. The court candidly told the jury that its earlier com-

---

[3] The following supplementary charge was given:

"Ladies and Gentlemen, I called you out just for a second because Counsel has called my attention to something that I said during the course of my instructions which may have been an unfortunate choice of expression on my part. And I want to call you out to straighten you out on that.

"If you recall I did say that with respect to whether the fire was incendiary in origin, in other words whether it was caused by some human element or whether it happened accidentally without human element, wasn't incendiary in origin, happened the way Jay Black, the Defendant's expert says, it was a leaking gas pipe and an explosion and so forth, I said that Counsel is not making much of a fuss about that issue, if you will recall.

"I didn't mean by that to in any way minimize or belittle that claim on the part of the Defendant. Because the Defense in this case does make full claim that this was an accidental fire. It wasn't caused by anybody starting it. It wasn't incendiary in origin. It happened, they claim that it happened the way their expert, Jay Black, stated it happened, and when I said, 'They are not making much of a fuss about it,' I didn't do full justice to their claim.

"So, I am asking you to disregard what I said because they are maintaining that claim. This is one of the elements of their defense in the case, and as far as they are concerned, it stays in the case and you are to consider that. One of questions you have to consider in this case, and of course, that has to be done based on the testimony of the experts, whether this was a fire which was intentionally started causing an explosion or whether the fire or explosion started without any human element being involved.

"That is a definite issue in the case and Counsel is claiming that position. So when I said he is not making much of a fuss about it, that wasn't so. He is. He is claiming it and it is one of the issues you have to consider."

ment, to the effect that the defendant did not seriously contest the fact that the fire was set by someone, was "an unfortunate choice of expression on my part." The court further said that "I didn't do full justice to their claim" and instructed the jury to "disregard what I said." In view of this explicit correction, we fail to see how the jury were misled with respect to the contesting by the defense of the fire's incendiary origin. See *State* v. *Vincenzo*, 171 Conn. 240, 243, 368 A.2d 219 (1976).

The defendant also maintains, however, that the curative instruction created confusion in a different manner. Specifically, he argues that the court, by instructing on the incendiary origin issue without reinstructing that the state also had to prove that the defendant caused the fire or explosion, left the jury with the impression that they could convict even if they were not convinced beyond a reasonable doubt that the defendant started the fire. The instructions actually given by the court do not support this claim. The main charge was clear in requiring the state to prove that the defendant caused the fire;[4] this needed no reiteration. "Both the main and the supplemental charge must be considered as a whole." *State* v. *Reed*, 174 Conn. 287, 308, 386 A.2d 243 (1978). Viewed in this fashion, the instructions given were not misleading.

---

[4] This point was twice stated by the court as follows:

"Now, the essential elements of this offense are one, the accused starts a fire or causes an explosion. That is the first element that the State has to prove beyond a reasonable doubt. That the accused, the Defendant, Mr. Topciu, started a fire or caused an explosion. . . . You must find, in order to find the Defendant guilty, that he started a fire or caused an explosion. If you don't find that, then stop whatever you are doing and you have to find him not guilty. Because that element must be proved beyond a reasonable doubt. That he started a fire or caused an explosion. That is the first element."

Two other claims raised on appeal require only brief discussion because both claims merely restate the contentions which we have already discussed. First, the defendant argues that the instructions to the jury included comments on the evidence indicating that the court had concluded that the fire was of incendiary origin.[5] Our earlier analysis of the charge as supplemented demonstrates that the factfinding function of the jury was not invaded by the court.

Finally, the defendant argues that the instructions, taken as a whole, were confusing and misleading. Because the only particularization of this claim concerns the portions of the charge explored above, this claim adds no substance to the case.

There is no error.

In this opinion the other judges concurred.

---

[5] This claim apparently refers to the court's remark that the defendant "wasn't raising much of a fuss" about the incendiary nature of the fire. See footnote 2, supra.