### STATE OF CONNECTICUT *v.* LOUIS GASTON
### (11323)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued December 5, 1985—decision released February 4, 1986

*John F. Kavanewsky, Jr.,* for the appellant (defendant).

*David S. Shepack,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Kevin McMahon* and *Carl Schuman,* assistant state's attorneys, for the appellee (state).

SANTANIELLO, J. The defendant, Louis Gaston, was arrested on July 23, 1979, and charged in a three count information with committing the crimes of robbery and larceny. Count one alleged that the defendant had committed robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), count two, that he had committed larceny in the second degree, in violation of General Statutes (Rev. to 1979) § 53a-123 (a) (1), by the theft of an automobile, and count three, that he had committed larceny in the second degree, in violation of General Statutes (Rev. to 1979) § 53a-123 (a) (2), by theft of property valued in excess of $500. After trial, the jury found the defendant guilty on the first and third counts and acquitted him on the second. The defendant received a total effective sentence of not less than six nor more than twelve years. He appeals, claiming that the jury verdict was inconsistent and that the trial court should have granted a mistrial. We find no error.

The jury could reasonably have found the following facts. On June 29, 1979, at 9:30 p.m., the victim, Mark Kraczkowsky, was in his car at the Fred Locke Stereo store in Wethersfield when the defendant came up to the driver's side door. The defendant pointed a gun at Kraczkowsky and told him to hand over his wallet, which contained eight or nine dollars. The defendant

then opened the car door, pressed the gun against Kraczkowsky's side and ordered him into the passenger's seat. After the defendant got into the car, Kraczkowsky gave him his wallet. The defendant then forced the victim out of his car and drove away. The car was found two hours later about two hundred yards from the scene of the robbery. Both doors were open and two pieces of car stereo equipment were gone.

Kraczkowsky gave a detailed description of the defendant to the police that night. The next morning, a Wethersfield detective, James Cetran, noticed a man who fit the defendant's description registering at a motel on the Berlin Turnpike about one and one-half miles from the scene of the robbery. The man was investigated and turned out to be the defendant, but no arrest was made at that time. Kraczkowsky later identified the defendant from a photographic array. On July 23, 1979, the defendant was arrested by warrant.

The defendant first argues that the trial court erred in failing to set aside the verdict because the jury could not consistently find him guilty on counts one and three and not guilty on count two. The defendant concedes that he failed to raise this claim in the trial court but seeks appellate review under the second "exceptional circumstance" recognized in *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). In *Evans,* we held that we will review only those claims raised below, but we created an exception for those instances where the record adequately supports a claim that the defendant has been deprived of a fundamental constitutional right and a fair trial. Id., 70. The claim that inconsistent verdicts must be set aside is not one of constitutional dimension. *United States* v. *Powell,* 469 U.S. 57, 65, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984); see *Harris* v. *Rivera,*

454 U.S. 339, 346–47, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981). Thus, we do not review this claim.[1]

The defendant's primary claim on appeal is that the trial court erred in denying his motions for a mistrial. He argues that inadmissible evidence twice came before the jury, that the evidence was severely prejudicial and that, as a result, he was denied his right to a fair trial. We disagree.

During its case-in-chief, the state called Jay Tilly as a witness. Tilly had been one of the Wethersfield police officers who was involved in the arrest of the defendant. At the time of trial he was living and working in Massachusetts, and it was a significant hardship for him to travel to Connecticut. He first testified as to the details surrounding the investigation of the robbery. He was then asked by the state's attorney about a conversation he had had with the defendant at the time

---

[1] Furthermore, even if the claim were properly raised below or reviewable under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), we ordinarily will not question a jury's decision when the claim is that its verdict is inconsistent. "As Justice Holmes long ago observed in the case of *Dunn* v. *United States,* 284 U.S. 390, 393–94, 52 S. Ct. 189, 76 L. Ed. 356 (1932): ' "The most that can be said in such cases [i.e., of inconsistent verdicts] is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." [*Steckler* v. *United States,* 7 F.2d 59, 60 (2d Cir. 1925)]. . . . That the verdict may have been the result of compromise, or a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.' " *State* v. *Rosado,* 178 Conn. 704, 709, 425 A.2d 108 (1979); *State* v. *Martin,* 189 Conn. 1, 6, 454 A.2d 256, cert. denied, 461 U.S. 933, 103 S. Ct. 2098, 77 L. Ed. 2d 306 (1983). The United States Supreme Court has recently reaffirmed the principles set out in *Dunn* v. *United States,* supra, and held that inconsistent verdicts "should not be subject to review." *United States* v. *Powell,* 469 U.S. 57, 66, 105 S. Ct. 451, 83 L. Ed. 2d 461 (1984); see also *Harris* v. *Rivera,* 454 U.S. 339, 346, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981). We agree and conclude that, in cases such as this, the jury's verdict must stand.

of the arrest. Defense counsel objected and the jury was excused. The state's attorney argued to the court that the defendant's statement to Tilly was admissible as an admission and, due to the difficulties surrounding Tilly's attendance, was admissible as an early rebuttal to the defendant's anticipated alibi defense. The state made an offer of proof outside of the presence of the jury in which Tilly testified that the defendant said he "didn't do it," that he "was drunk at the time of the incident," and that he "didn't drive and that he was either at the Traveler's Motor Lodge in Rocky Hill or at a motel in Windsor, Connecticut."

On the basis of the offer of proof, the court ruled that the question could be asked in the presence of the jury on the ground that the testimony was admissible as a rebuttal to the alibi defense even though out of order. As the proffered testimony was more exculpatory than inculpatory, defense counsel agreed to the admission of Tilly's testimony. The court instructed the witness to restrict his testimony before the jury to what he had said during the offer of proof. When the jury was brought in, it was told that the testimony was to be taken out of turn. The state's attorney asked the following question: "Mr. Tilly, going back to just prior to when the jury was excused, you were testifying to the facts that occurred at the Wethersfield Police Department on July 23rd when Louis Gaston surrendered himself and was arrested and advised of his rights. I ask you now, what did Mr. Gaston specifically say to you at the Wethersfield Police Department?" And Tilly responded: "Mr. Gaston said, 'I did not do it. I do not remember where I was. I was drunk. I was either at Travelers—' " Defense counsel cut him off before he could finish and objected claiming that the response "I do not remember where I was" was not part of the testimony previously agreed to be admissible. Counsel also moved for a mistrial arguing that the

evidence, taken out of turn, had damaged the alibi defense. The court ruled that the statement might be material later on in the trial but instructed the jury to ignore it for the present time.[2] The court also denied the motion for a mistrial.

The defendant later took the stand and asserted an alibi defense. During cross-examination the state's attorney asked: "Do you recall saying to Officer Tilly that you did not recall your whereabouts on June 29th?" Before the defendant could answer, defense counsel objected and moved for a mistrial alleging prosecutorial misconduct. The state withdrew the question and the trial court ruled that the unanswered question was not sufficiently prejudicial to warrant a mistrial. No cautionary instruction was given at that time. Later, the court charged the jury to disregard the testimony and questions that were stricken from the record.[3]

"The general rule in Connecticut is that a mistrial is granted only where it is apparent to the court that as a result of some occurrence during trial a party has been deprived of the opportunity for a fair trial. *State v. DeMatteo,* 186 Conn. 696, 703, 443 A.2d 915 (1982);

---

[2] The trial court did not rule the testimony inadmissible per se, but instead kept it out because it was introduced out of sequence. As such matters are within the sound discretion of the trial court; *Shulman v. Shulman,* 150 Conn. 651, 659, 193 A.2d 525 (1963); depending on the circumstances of the case, the court could have allowed the testimony in at the time Tilly testified or could have made the state wait until a point later on. The statements were hearsay, but were allowable as a party admission. See *State v. DeMatteo,* 186 Conn. 696, 702, 443 A.2d 915 (1982).

[3] After the close of evidence, the court charged the jury: "If some evidence or testimony was given that was stricken from the record or some evidence was offered and refused, you must not consider it and you must dismiss it from your minds, even though there may have been some reference to such stricken testimony in the course of the trial from counsel or otherwise. Nor should you draw any inference from any question whose answer was stricken."

*State* v. *Gooch,* 186 Conn. 17, 25, 438 A.2d 867 (1982); *State* v. *Turcio,* 178 Conn. 116, 143, 422 A.2d 749 (1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 661, 62 L. Ed. 2d 642 (1980); see Practice Book § 887." *State* v. *Binet,* 192 Conn. 618, 628, 473 A.2d 1200 (1984), quoting *State* v. *Ubaldi,* 190 Conn. 559, 562, 462 A.2d 1001, cert. denied, 462 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983). The trial court has great latitude in ruling on motions for mistrial; *State* v. *Nowakowski,* 188 Conn. 620, 624, 452 A.2d 938 (1982); *State* v. *Perez,* 181 Conn. 299, 310, 435 A.2d 334 (1980); thus, the question before us on appeal " 'is not, primarily, whether the remarks in question were proper or improper, but it is whether the action of the trial court in refusing to grant a new trial on account of them, in the exercise of its discretion, so far exceeded or abused the discretion committed to it in a matter of this kind as to warrant us in granting a new trial.' *State* v. *Laudano,* 74 Conn. 638, 646, 51 A. 860 (1902)." *State* v. *Couture,* 194 Conn. 530, 562, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985). The burden is on the defendant to show that the challenged remarks were prejudicial in light of the entire proceedings. *State* v. *Binet,* supra.

The defendant first claims that Tilly's testimony as to the defendant's statements was clearly inadmissible and that it prejudiced the jury toward his alibi defense. On the basis of the record, however, we cannot agree that the testimony was prejudicial in light of the entire proceedings. While it is true that Tilly was cautioned to tell the jury exactly what he told the court in the state's offer of proof, and that he failed to do so, the court twice instructed the jury to disregard the defendant's response. See *State* v. *Gooch,* 186 Conn. 17, 25, 438 A.2d 867 (1982). The court told the jury to ignore the statement immediately after it was made and again in its charge told the jury to consider only

evidence that had been admitted. We are convinced that these cautionary instructions adequately cured any prejudice that Tilly's statements may have caused. See *State* v. *Piskorski,* 177 Conn. 667, 720–21, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). Thus, the trial court did not abuse its discretion in refusing to declare a mistrial at this point.

It is also claimed that the state's attorney further prejudiced the jury as to the alibi defense by asking the defendant on cross-examination about the statements made to Tilly. The defendant argues that the state's attorney deliberately introduced evidence which was clearly inadmissible and that a mistrial was thereby warranted. We are unpersuaded. First, it was reasonable for the state's attorney to assume that the defendant's statements to Tilly were admissible at that point in the trial. The trial court had left the issue open when making its earlier ruling. Also, the question was never answered, it was withdrawn by the prosecution and the defendant never requested a curative instruction. Furthermore, the trial court's charge to the jury specifically cautioned them not to infer anything from a question whose answer was stricken. On the whole, therefore, we cannot say that the defendant was deprived of the opportunity for a fair trial or that the trial court abused its discretion in denying the motion for mistrial. See *State* v. *Turcio,* supra, 143–44.

There is no error.

In this opinion the other judges concurred.