STATE OF CONNECTICUT *v.* GUILLERMO PARDO
(12515)

PETERS, C. J., DANNEHY, SANTANIELLO, CALLAHAN and MENT, Js.

Argued March 4—decision released April 15, 1986

*M. Daniel Friedland,* for the appellant (defendant).

*James G. Clark,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's

attorney, and *Mark W. Brodsky,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Guillermo Pardo, was convicted by a jury of possession of narcotics with intent to sell, in violation of General Statutes (Rev. to 1983) § 21a-277 (a),[1] and of possession of narcotics, in violation of General Statutes § 21a-279 (a).[2] The defendant has raised three claims of error, none of which warrants extended discussion.

The jury could reasonably have found the following facts. On December 17, 1983, two Hartford police officers received information from an unidentified informer that a Hispanic male dressed in a tan jacket, jeans and a cap was selling cocaine in foil packets at the corner of Nelson and Main Streets. Observing the scene from an abandoned building, the officers saw a man, later identified as the defendant, who fit the description. The

---

[1] General Statutes (Rev. to 1983) § 21a-277 (a) provides: "(Formerly Sec. 19-48). PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than five thousand dollars, or be both fined and imprisoned."

[2] "[General Statutes] Sec. 21a-279. (Formerly Sec. 19-481). PENALTY FOR ILLEGAL POSSESSION. SUBSTITUTION OF MEDICAL TREATMENT FOR CRIMINAL SANCTIONS. (a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years, or be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for any subsequent offense, may be imprisoned not more than twenty-five years, or be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

officers watched the defendant engage in two separate transactions in which he transferred a foil packet in exchange for money to another person. As the officers approached the defendant, they saw him remove four tinfoil packets and drop them on the ground. One of the officers arrested and immediately searched the defendant and found two squares of tinfoil and $173.00 upon his person. Subsequent laboratory tests disclosed that the tinfoil packets contained cocaine.

The defendant's first claim of error alleges that he was entitled to a mistrial because of prosecutorial misconduct. At trial, defense counsel sought to impress on the jury that the amount of cocaine allegedly contained in the tinfoil packets was too small an amount to warrant prosecution for sale of narcotics. In his cross-examination of the state's toxicologist, defense counsel succeeded in having that witness characterize four hundred milligrams, the amount of cocaine involved in this prosecution, as "essentially a garbage case." Shortly thereafter, the state rested its case and the defendant, outside the presence of the jury, moved for a directed verdict, arguing that "it's a garbage case as the expert indicated." Counsel for the state replied, "If it's a garbage case, Mr. Friedland can give his own children some cocaine. I will ask that the Motion be denied." The trial court denied the defendant's motion. After the jury had been brought back, defense counsel moved for a mistrial based on "[the prosecutor's] comments [to] which I take offense, about those comments of my children using cocaine." The court instructed the jury to disregard these remarks of defense counsel and advised the defense to proceed with its case.

It is fanciful to argue that these events entitled the defendant to a mistrial. Although the remark of the assistant state's attorney was unprofessional and offensive, his conduct while the jury was absent could have

had no impact whatsoever on the fairness of the defendant's trial. But for the repetition of the prosecutor's remark by defense counsel after the jury had returned, the jury would never have learned what had transpired. The defendant cannot claim a mistrial because of an error induced by his own counsel. *State* v. *Ross,* 189 Conn. 42, 47, 454 A.2d 266 (1983); *State* v. *Cobbs,* 164 Conn. 402, 424, 324 A.2d 234, cert. denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112 (1973). The trial court's denial of the motion for mistrial in these circumstances did not constitute an abuse of its discretion. *State* v. *Gaston,* 198 Conn. 490, 495–97, 503 A.2d 1157 (1986); *State* v. *Fleming,* 198 Conn. 255, 264–68, 502 A.2d 886 (1986); *State* v. *Dolphin,* 195 Conn. 444, 452–53, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985); *State* v. *Vass,* 191 Conn. 604, 613, 469 A.2d 767 (1983); *State* v. *Nowakowski,* 188 Conn. 620, 624, 452 A.2d 938 (1982).

The defendant contends, in his second claim of error, that the trial court insufficiently replied to an interrogatory from the jury during its deliberations. The jury sent a note to the court asking: "We would like an indication whether the quantity has any bearing on intent to sell according to the law." The court replied by reading to the jury the relevant part of the governing statute, § 21a-277 (a). Defense counsel excepted, urging the court to instruct the jurors that the answer to their question was in the affirmative. In evaluating the adequacy of a supplemental instruction, we consider the main and the supplemental instructions as a whole.[3] *State* v. *Topciu,* 183 Conn. 1, 6, 438 A.2d 803 (1981); *State* v. *Reed,* 174 Conn. 287, 308, 386 A.2d 243 (1978).

---

[3] The trial court's main instruction included the following passage: "Now, if you find that the defendant was in possession of cocaine then among the matters which you may consider in determining whether the defendant was in possession of the cocaine with intent to sell are the value of the drugs, the quantity of the drugs seized, also the presence or absence of evidence indicating that the defendant possessed the drugs for his own use. To draw

Viewing the instruction from this perspective, we conclude that the defendant has not met his burden of showing that it was reasonably probable that the jury was misled. *State* v. *Ralls,* 167 Conn. 408, 422, 356 A.2d 147 (1974).

The defendant also asserts, in his final claim of error, that he was denied effective assistance of counsel because his attorney was not permitted adequate time to prepare for trial. On the very day that the defendant's case was scheduled for jury selection, the defendant discharged his prior counsel and retained his present counsel. The jury was selected on that day, a Friday, and the case proceeded to trial the following Tuesday. The defendant claims error in the trial court's refusal of his request for a continuance. The defendant has not pressed, on appeal, a claim that the denial of his request for a continuance constituted an abuse of discretion by the trial court. See *State* v. *Beckenbach,* 198 Conn. 43, 47–52, 501 A.2d 752 (1985); *State* v. *Marra,* 195 Conn. 421, 437–38, 489 A.2d 350 (1985); *State* v. *Myers,* 193 Conn. 457, 463–64, 479 A.2d 199 (1984); *State* v. *Chairamonte,* 189 Conn. 61, 65–66, 454 A.2d 272 (1983). Furthermore, defense counsel has pointed to no specific occurrence at the trial that furnishes evidence of the inadequacy of his representation of the defendant. As we have recently held in *State* v. *Leecan,* 198 Conn. 517, 541–42, 504 A.2d 480 (1986), this kind of claim must be litigated, on a proper factual record, in a proceeding on a writ of habeas corpus.

There is no error.

---

such an inference and intention to sell is not only the privilege of the jury but also the duty of the jury provided, of course, the inference drawn is a reasonable and logical one.