STATE OF CONNECTICUT *v.* ALFONSO GONZALEZ
(6230)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued March 8—decision released June 20, 1989

644

*Erskine D. McIntosh,* assistant public defender, with whom, on the brief, were *William Holden,* public defender, and *Angelo M. Perrucci,* legal intern, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Robert Lacobelle,* assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), and of threatening in violation of General Statutes § 53a-62 (a) (1). The defendant claims that the court erred (1) in denying his motion for a mistrial filed on the basis of an allegedly improper question asked by the state, and (2) in its failure to charge the jury, in accordance with his request to charge, regarding prior inconsistent statements of the victim. We find no error.

The jury could reasonably have found the following facts. On the evening of August 8, 1986, the seventeen year old victim was at her girlfriend's house. At approximately 2 a.m., the victim and her friend were outside the friend's house talking with the defendant and Angelo Paniagua. The victim knew the defendant from the neighborhood. The victim then left for home on her bicycle. About two blocks away, she again saw the defendant, who called to her. When she stopped, the defendant pulled out a knife, which he put against her

side as he grabbed her arm. The defendant led the victim to a rooming house, where he took her into a room and sexually assaulted her. The victim subsequently went to the hospital for treatment. Using a sex crime kit, hospital personnel examined the victim's clothing and pubic hair and took vaginal swab samples, which revealed the presence of semen.

The defendant's first claim is that the court erred by denying his motion for a mistrial, which was based on a question asked by the state during its redirect examination of Mary Beth Guman, a serologist employed by the state police forensic laboratory. We disagree.

This claim arises in the following context. On direct examination, Guman testified that there was a stain that contained semen in the crotch area of the victim's underwear, that the stain was of blood group A, and that the victim was a secretor with A type blood. She also testified that the vaginal swabs from the victim disclosed semen and spermatozoa, and that semen donors from blood groups B and AB could be excluded in this case. Guman had only the victim's blood sample for analysis.

On cross-examination by the defendant, Guman testified that body hairs found on the victim's blouse were not analyzed because there was no known sample with which to compare them, that head hairs found on the victim's jacket were consistent with her head hairs, and that hairs found on her pubic area were consistent with her pubic hairs. She also testified that the stain on the victim's underwear was a mixture of fluid from the victim and the donor.

On redirect examination, without objection by the defendant, Guman repeated her earlier testimony regarding the hair evidence. She also testified that if she had a known hair sample she could discount someone as a possible donor, but that she had only the vic-

tim's sample. The state then asked the following partial question: "How about as to the blood group. Did you have any samples—" The defendant objected, and the court sustained the objection. At the defendant's request, the jury was excused. In the jury's absence, a colloquy ensued in which the defendant argued that the state's questions regarding the lack of a hair sample, other than the victim's, with which to compare the hairs examined by Guman permitted the jury to infer guilt because the defendant had not supplied a sample of his hair. The defendant did not base his argument on the question regarding blood groups, to which his prompt objection had been sustained.[1] The defendant moved for a mistrial on the basis of prosecutorial misconduct, and the court denied the motion.

The defendant argues that the state's questioning of its witness on redirect examination violated the presumption of innocence and reduced the state's constitutional burden of proof. It is difficult to glean from the defendant's brief whether he now complains of the questions regarding hair or blood groups or both. Whether we view them separately or together, however, the defendant's argument is without merit.

A mistrial is warranted only where, as a result of an occurrence during the trial, the defendant has been deprived of the opportunity for a fair trial. *State* v. *Baskins*, 12 Conn. App. 313, 319, 530 A.2d 663, cert. denied, 205 Conn. 811, 532 A.2d 586 (1987). That determination is within the sound discretion of the trial court. Id.

The defendant explored the issue of the hair evidence on cross-examination, and did not object to the state's

---

[1] After the jury was excused, the defendant stated: "We didn't get a chance to get into the hematology or serology aspect, whether or not there [were] blood samples from my client offered up for her analysis because I objected."

three questions regarding that evidence on redirect examination. The court sustained the defendant's objection to the partial question regarding the blood groups, and the defendant did not base his trial claim for a mistrial on that question. This record does not support the defendant's claim either that the state impermissibly led the jury to draw an adverse inference against the defendant, or that such purported misconduct warranted a mistrial.[2]

The defendant next claims that the court erred by failing to instruct the jury in accordance with his request to charge regarding prior inconsistent statements of the victim. We disagree.

The defendant's request to charge focused on three purported prior inconsistent statements by the victim.[3]

[2] On appeal, but not at trial, the defendant also relies in part on one isolated statement the assistant state's attorney made during the colloquy in the jury's absence. Statements made in the jury's absence have no impact on the fairness of the trial. *State* v. *Pardo,* 199 Conn. 354, 356–57, 507 A.2d 461 (1986).

[3] The defendant's request to charge was as follows: "One such circumstance [bearing on the credibility of a witness] you should consider is evidence that at some time a witness has said something which is inconsistent with the witness's testimony at trial. For instance you will recall [the victim's] testimony. During parts of [her] testimony she made some statements concerning events she claimed that transpired on August 9, 1986. You will recall that certain statements of [the victim] were admitted into evidence which were different from her in-court testimony.

"The testimony of a witness may be discredited or impeached by showing that she previously made statements which are inconsistent with her present testimony. Prior statements of a witness which are inconsistent with her trial testimony, constitute evidence and are admissible to impeach the credibility of the witness. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached. Devitt & Blackman, 1 Federal Jury Practice and Instructions, pp. 540, 562 § 17.08, 17.16 (West 3d Ed. 1977); *California* v. *Green,* 399 U.S. 149, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970).

"You will recall that [the victim] stated that on the night she claimed to have been sexually assaulted, she was forced to move her bike up Hancock Avenue with her left hand as Mr. Gonzalez walked on her right holding the knife on her, that she carried the bike in the back door of a rooming

Those statements concerned whether she or the defendant walked her bicycle while the defendant held a knife against her, whether she or the defendant carried the bicycle into the rooming house, and whether she took cocaine during that night.

We note first that the victim's statement regarding whether she took cocaine the night of the incident was inconsistent not with a prior statement of her own but with the testimony of Angelo Paniagua, the defendant's companion. See footnote 3, supra. The victim gave no prior inconsistent statement on this issue, and the conflict between her testimony and Paniagua's was addressed in the court's instruction regarding the relative credibility of witnesses, to which the defendant had no objection.

We next examine the other two proffered inconsistencies in the victim's statements, namely, whether she or the defendant walked the victim's bicycle and carried it into the rooming house. We conclude that the trial court did not err in failing to give a particularized jury charge on these inconsistencies.

In determining whether a witness' prior statement is admissible as a prior inconsistent statement, the court is entitled to take into account whether the incon-

---

house on Hancock Avenue and that when Mary Perez, Angel Paniagua, Mr. Gonzalez and she were together on State Street she did not take any drugs. On the other hand, you heard Detective Richard Mancini testify that [the victim] told him that Mr. Gonzalez took the bike up Hancock Avenue while forcing [the victim] to go with him and that Mr. Gonzalez carried the bike in the front door of the rooming house. Mr. Paniagua testified that during the night in question he personally observed [the victim] take cocaine.

"I will tell you that as the triers of fact in this case you determine the weight a particular witness' testimony deserves. If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony on other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Devitt & Blackman, 1 Federal Jury Practice and Instructions, pp. 540 § 17.08 (West 3rd Ed. 1977)."

sistency is substantial and relates to a material matter. *State* v. *Piskorski,* 177 Conn. 677, 710, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *Hartmann* v. *Black & Decker Mfg. Co.,* 16 Conn. App. 1, 17, 547 A.2d 38 (1988). Even where, as here, prior inconsistent statements are admitted into evidence, however, the court is not required to give a specific charge concerning the statements, at least where the inconsistencies are not substantial and do not relate to a material matter. These inconsistencies can hardly be characterized as substantial and material.[4]

Furthermore, although the court did not specifically refer to the issue of prior inconsistent statements, it gave a thoroughly adequate charge on credibility of witnesses in general. The court instructed the jury that it could consider any matter bearing on credibility, including whether the witness' testimony had been contradicted by other credible evidence, and including the principle of falsus in uno, falsus in omnibus, as requested by the defendant. Viewing the charge on credibility in its entirety, as we must; *State* v. *Reddick,* 15 Conn. App. 342, 351, 545 A.2d 1109 (1988); we conclude that the court did not err in declining to give the specific charge requested by the defendant.

There is no error.

In this opinion the other judges concurred.

---

[4] On appeal, the defendant presents three other purported inconsistent statements, in addition to the issue of who walked the victim's bicycle to the rooming house. These concerned whether the victim's mother or sister called the police after the sexual assault, whether Paniagua was in her presence before the assault, and whether she left the place of the assault by the back or front door. To the extent that the defendant's claims on appeal differ from those presented at trial, they are not entitled to review. *Commissioner of Health Services* v. *Kadish,* 17 Conn. App. 577, 580 n.4, 554 A.2d 1097 (1989). Furthermore, even a full review of all of them does not disclose any error by the trial court in not giving a particularized jury charge relating to them, because they were not substantial and did not relate to material matters.