## STATE OF CONNECTICUT *v.* CURTIS HERRING
### (AC 17360)

O'Connell, C. J., and Sullivan and Spallone, Js.

Argued April 19—officially released November 2, 1999

*David B. Rozwaski*, special public defender, for the appellant (defendant).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Cecilia Wiederhold*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Curtis Herring, appeals from the judgment of conviction, rendered after a jury

trial, of one count of attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70 (a) (1) and three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). The defendant claims that the trial court improperly instructed the jury on the issue of inconsistent statements as they pertained to the victim's credibility. We do not agree and, therefore, affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant and the victim had been romantically involved since the summer of 1994. When the defendant and the victim used drugs and drank alcohol, however, the defendant would become violent toward the victim.

On May 4, 1995, the victim and the defendant were drinking beer at the defendant's apartment. When the victim decided to leave, the defendant refused to let her go. The defendant pushed her onto the bed and choked her as he threatened her and forced her to remove her clothing. After the victim removed her clothing, someone knocked at the door. When the defendant went to answer, the victim covered herself with a sheet and climbed out a window onto the roof to escape. The defendant followed her onto the roof and tried to pull her from a pole that she was holding onto, but decided to retreat when the victim started screaming for the police and an officer on patrol observed the incident. The officer interviewed the victim and took a complaint, but the police were unable to apprehend the defendant that night. Several days later, the victim and the defendant reconciled.

A second incident occurred on September 1, 1995, when the victim celebrated her birthday with the defendant at his apartment by drinking champagne and smoking cocaine. After drinking and smoking all day, the

victim attempted to leave the defendant's room to get some fresh air. The defendant, however, would not allow her to leave. He blocked the door and demanded oral and vaginal sex, which the victim refused. Believing that she was at physical risk, the victim subsequently complied by undressing, performing fellatio on the defendant and submitting to vaginal intercourse with him. Afterward, the defendant went to the kitchen to get more to drink, but the victim was too frightened to attempt an escape. When the defendant returned, he demanded sex again from the victim who refused to comply. The defendant then grabbed her by the neck, struck her in the face and kicked her in the chest, after which she was submitted to additional acts of fellatio and vaginal intercourse.

The next morning, September 2, 1995, the victim called the police from her neighbor's house. When the police officers arrived, the victim recounted how the defendant had physically and sexually assaulted her the night before. One police officer saw several scratch marks on the victim's neck and near her eye. Another saw bruises and marks on the victim's neck and upper chest, as well as around her eye. The defendant was subsequently arrested and convicted, and this appeal ensued.

On appeal, the defendant claims that the trial court improperly refused to instruct the jury in accordance with his requested charge on inconsistent statements. Specifically, the defendant contends that the court's instructions did not provide adequate guidance as to how the jury should have considered and weighed the victim's testimony in light of prior inconsistencies in her statements. The court refused to give the defendant's instruction and instead instructed the jury generally about the credibility of witnesses. The defendant preserved this claim of error by filing an appropriate request to charge and by taking exception to the portion

of the charge given that pertained to the use of prior inconsistent statements. See *State* v. *Tatum*, 219 Conn. 721, 737, 595 A.2d 322 (1991).

The defendant's request to charge focused on three purported prior inconsistent statements by the victim.[1] Those statements concerned (1) whether the defendant had physically assaulted her by kicking her in the chest or threatened physical force prior to having sex the first time on September 1, 1995, (2) whether the victim had sustained a black eye on September 1, 1995, or a couple of days before and (3) whether the defendant had been awake when the victim left his room on the morning of September 2, 1995. This court rejected a similar claim in *State* v. *Gonzalez*, 18 Conn. App. 643,

---

[1] The defendant's request to charge was as follows: "The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been so impeached.

"You may recall that [the victim] initially testified that [the defendant] physically assaulted her by kicking her in the chest prior to having sex the first time on September 1, 1995. This is inconsistent with her statement to police officers that [the defendant] threatened to use physical force against her if she did not have sex with him. [The victim] also initially testified that she sustained a black eye during the evening hours of September 1 and 2, 1995. This is inconsistent with her statement to the police that she sustained the black eye a couple of days before September 1, 1995. Additionally, [the victim] testified that on the morning of September 2, 1995, she left [the defendant's] apartment while he was sleeping. This is inconsistent with her statement to the police that [the defendant] was awake when she left to wash on the morning of September 2, 1995.

"You may consider these inconsistencies when evaluating [the victim's] testimony. If you find such changes in her testimony, or that of any other witness, to be incredible and unreliable you may disregard those portions you find incredible or you may find the witness' entire testimony to lack sufficient candor and reliability and may disregard it in its entirety.

"If a witness is shown knowingly to have testified falsely or has admitted lying under oath, you have a right to distrust such witness' testimony in other particulars, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves. 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions (3d Ed. 1977) § 17.08, p. 540."

560 A.2d 468, cert. denied, 212 Conn. 812, 564 A.2d 1073 (1989). We conclude that the trial court did not improperly fail to give a particularized jury charge on these inconsistencies.

"In determining whether a witness' prior statement is admissible as a prior inconsistent statement, the court is entitled to take into account whether the inconsistency is substantial and relates to a material matter. *State* v. *Piskorski*, 177 Conn. 677, 710, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *Hartmann* v. *Black & Decker Mfg. Co.*, 16 Conn. App. 1, 17, 547 A.2d 38 (1988). Even where, as here, prior inconsistent statements are admitted into evidence, however, the court is not required to give a specific charge concerning the statements, at least where the inconsistencies are not substantial and do not relate to a material matter." *State* v. *Gonzalez*, supra, 18 Conn. App. 648–49. In this case, the inconsistencies on which the defendant focuses can hardly be characterized as substantial and material.

Furthermore, unlike the trial court in *Gonzalez*, the trial court in the present case specifically referred to the issue of prior inconsistent statements; it not only gave a thoroughly adequate charge on the credibility of witnesses in general, but also instructed the jury on several occasions about inconsistent statements. The court instructed the jury during its main charge that "[a]ny conduct or statement of the witness which you find inconsistent with any other conduct or statement of that witness you may also consider in weighing the credibility of that witness." In addition, the court not only restated that instruction during its supplemental charge, but also stated that "[t]o the extent that you find [the victim] has been inconsistent in what she has said outside the courtroom, you may consider the degree of inconsistency which you find and you may

consider the reasons which you may find for the inconsistency in evaluating her testimony given here in court." "Viewing the charge on credibility in its entirety, as we must"; id., 649; we conclude that the court did not improperly decline to give the specific charge requested by the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.