## STATE OF CONNECTICUT *v.* TERRANCE CORBETT
### (5101)

DUPONT, C. J., HULL and DALY, Js.

Argued May 12—decision released September 1, 1987

*Suzanne Zitser,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Donald A. Browne,* state's attorney, with whom, on the brief, was *Robert A. Lacobelle,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempted murder in violation of General Statutes §§ 53a-49 and 53a-54a, attempted robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2) and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). The defendant's sole claim on appeal is that the trial court erred in admitting into

evidence shotgun shells taken from the top of a bureau in the room where he was arrested pursuant to a warrant. We find no error.

The jury could reasonably have found the following facts: One evening in June of 1985, the victim and his girlfriend drove to the intersection of Andover and Fairfield Streets in Bridgeport to purchase a bottle of wine and a nickle bag of marihuana. Before the victim parked his car, a group of four or five black and hispanic males approached the driver's side of the car in an attempt to make a drug sale. While considering a purchase, the victim and his companion heard a male voice say "Get out of the car." Anticipating a robbery, the victim attempted to drive away. A shot was fired from the crowd which hit the victim in the left cheek. The police arrived and drove the victim to the hospital.

Some two months later, the victim selected the defendant's photograph from a police array and, at trial, made an in-court identification of the defendant as the one who shot him. Another state's witness placed the defendant at the scene of the shooting, specifically at the driver's side of the victim's car. The witness also testified that the defendant ran away after the shot, carrying a sawed off shotgun.

The defendant admitted selling marihuana to the victim but denied possessing a gun. He claimed that he was across the street at the time of the shooting, and that he fled upon hearing the shots fired. The police went to the home of the defendant's mother on the night of the shooting and were informed that the defendant was not at home. They returned the next morning with an arrest warrant for the defendant. They entered a bedroom occupied by the just-awakened defendant, who was only partially clad. While the defendant was getting dressed, an officer saw and seized three .12 gauge Remington cartridges on the top

of a bureau which was across the room from the bed. An officer later cut one of the shells and found that it contained pellets which measured .3 centimeters, which was the same size as one of the pellets removed from the victim's cheek. The defendant testified that he lived with his mother on an intermittent basis, specifically when he was not residing with his girlfriend.

At trial, the defendant objected to the admission of the shells, asserting that there was no evidence that he in fact possessed the shells or that the shells were linked to any specific gun.

The defendant relies on *State* v. *Alfonso*, 195 Conn. 624, 633, 490 A.2d 75 (1985), for his argument that the state must prove beyond a reasonable doubt that he had possession or control over the shells in order for the shells to be admissible as evidence. Such reliance is misplaced. In that case, the defendant was charged with the crime of possession of cocaine and marihuana. Proof of dominion and control is a necessary element of that crime and, thus, it was incumbent on the state to make such proof beyond a reasonable doubt. Possession is not an element of the crime with which this defendant was charged. Therefore, in this case it was not necessary for the state to prove beyond a reasonable doubt that the defendant possessed the shells.

Even if evidence is inconclusive, it may still be admissible if it tends to support a relevant fact even slightly, provided it is not unduly prejudicial or merely cumulative. *State* v. *Morrill*, 197 Conn. 507, 548, 498 A.2d 76 (1985). Evidence indicating that an accused possessed an article with which the particular crime charged may have been accomplished is relevant to show that the accused had the means to commit the crime. *State* v. *Villafane*, 171 Conn. 644, 675–76, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558 (1977); *State* v. *DiStefano*, 7 Conn. App. 726,

731, 510 A.2d 995 (1986); 1 F. Wharton, Criminal Evidence (13th Ed. Torcia) §§ 157, 211; 22A C.J.S., Criminal Law, § 611.

" 'Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. . . . The Federal Rules of Evidence (§ 401) broadly define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ' " (Citations omitted.) *State* v. *Villafane,* supra, 674–75.

Because no precise and universal test of relevancy is furnished by the law, the question of relevance must be determined in each case in accordance with reason and judicial experience. *State* v. *Wilson,* 178 Conn. 427, 437, 423 A.2d 72 (1979). In this case, the shotgun shells were recovered from the top of a bureau in what was admittedly the defendant's bedroom, at least on a part-time basis, in his mother's home. Moreover, the defendant was partially clad and asleep in the bedroom when the shells were seized. The fact that the shells were the same type as those used in the shooting, and were present in the defendant's bedroom at the time of the defendant's arrest, sufficiently connects the shells to the defendant to permit them to be admitted into evidence. See *People* v. *Ramsey,* 147 Ill. App. 3d 1084, 496 N.E.2d 1054 (1986). "The fact that [certain evidence] could not be positively linked to either the crime or the defendants affects the probative weight of the evidence

and not its admissibility." *Bailey* v. *State,* 94 Nev. 323, 326, 579 P.2d 1247 (1978). "[T]he State does not have to establish that the evidence was positively in the possession of the accused in order for the instrumentality to be logically connected to the accused and admissible." *Hudson* v. *State,* 496 N.E.2d 1286, 1296 (Ind. 1986).

We agree with the trial court that the shells were sufficiently connected to the defendant and were relevant to show that the accused had the means to commit the crime. They were, therefore, properly admitted into evidence. The fact that the shells were not positively identified as being from the gun used in the crime does not make the shells incompetent as evidence but merely goes to the weight of that evidence. *State* v. *Wilson,* supra; see also *United States* v. *Poe,* 462 F.2d 195, 198 (5th Cir. 1972). The trial court did not abuse its discretion in admitting the shells into evidence.

There is no error.

In this opinion the other judges concurred.