STATE OF CONNECTICUT *v.* OTIS BASKINS
(5210)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released September 8, 1987

*Earl I. Williams,* for the appellant (defendant).

*Maureen E. Norris,* special assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of the crime of illegal sale of narcotics in violation of General Statutes § 21a-277 (a).[1] He claims that the trial court erred (1) by denying his motion for judgment of acquittal based on insufficiency of the evidence to support his conviction, (2) by admitting into evidence a brown paper bag and

---

[1] General Statutes § 21a-277 (a) provides in pertinent part: "Any person who . . . sells . . . to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance . . . for a first offense, shall be imprisoned . . . ."

its contents and over $1000 in currency, and (3) by denying his motion for a new trial based upon improper prosecutorial argument to the jury. We find no error.

The jury could reasonably have found the following facts. On August 23, 1985, the defendant was observed by an undercover police detective walking along North Main Street near Elizabeth Street in Waterbury. The detective saw an unidentified black male hand money to the defendant, who then walked across North Main Street to a driveway leading to a factory. There was a small brown paper bag located in the driveway. The defendant picked up the brown paper bag, removed something from it, then placed the bag back in the driveway and retraced his steps across North Main Street to the black male. The defendant handed something to the black male, who then held up two small glassine bags and rubbed them together before walking away. The detective radioed for assistance and then retrieved the brown paper bag which contained ten glassine bags, which were later field tested and found to contain heroin. The defendant went into a nearby luncheonette when he saw a police cruiser approaching down North Main Street. There, he was observed by a police officer placing a large wad of money into the pocketbook of a young black woman who was seated in the restaurant. The defendant was promptly arrested and a search of the woman's pocketbook revealed $1233 in crumpled bills in denominations of ones, fives and twenties.

The brown paper bag, the ten glassine bags and the cash were admitted into evidence. There was expert testimony that the ten glassine bags contained heroin.

The defendant's first claim is that there was insufficient evidence for the conviction since the two glassine bags which he allegedly handed to the unidentified male were not recovered, nor was there evidence as to the contents of those two bags. We disagree.

The standard that applies when a jury verdict is challenged for insufficiency of the evidence is firmly entrenched in Connecticut law. We first view all of the evidence in the light most favorable to sustaining the verdict. We then ask whether the jury could reasonably have concluded, upon the facts established and inferences reasonably drawn therefrom, that the defendant was guilty beyond a reasonable doubt. *State* v. *Tucker,* 9 Conn. App. 161, 163, 517 A.2d 640 (1986). Every element of the crime charged must be so proved, and while the jury is entitled to draw reasonable, logical inferences from the facts proved, they may not speculate or guess at conclusions. "It is the cumulative impact of a multitude of facts, and not any one fact, which establishes guilt in a case involving substantial circumstantial evidence." *State* v. *Gaynor,* 182 Conn. 501, 503–504, 438 A.2d 749 (1980). This is such a case.

In order to convict the defendant in this case, it was essential that the state prove that the accused sold a narcotic drug, namely, heroin. *State* v. *Mullings,* 166 Conn. 268, 275, 348 A.2d 645 (1974). In this case, because the two glassine bags sold by the defendant were never recovered, there was no direct evidence that those bags contained heroin. Thus, the state had to rely on circumstantial evidence to prove that the defendant sold a narcotic drug. So far as probative force is concerned, there is no distinction between direct and circumstantial evidence; *State* v. *Perez,* 183 Conn. 225, 227, 439 A.2d 305 (1981); and all the evidence must be given a construction most favorable to sustaining the jury's verdict. *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984).

On the basis of the verdict in this case, it is clear that the jury inferred that the two glassine bags handed to the unidentified man by the defendant in exchange for

money contained a narcotic since they came from the same small brown paper bag which contained ten additional glassine bags which were proved to contain heroin. The question before us then, is whether this inference is so unreasonable that the verdict cannot be supported.

While such an inference was not necessary, it certainly was permissible. See *State* v. *Dumlao,* 3 Conn. App. 607, 616, 491 A.2d 404 (1985) ("in viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence"). We conclude that the jury's inference was not unreasonable. Applying the proper standard to all the facts established at trial, and the inferences drawn therefrom, we conclude that the evidence in this case was sufficient to support the jury's verdict.

In his second claim, the defendant argues that the trial court erred in admitting the small brown paper bag, the ten glassine bags, and the currency into evidence. He asserts that these items were irrelevant and prejudicial. We disagree.

No exact test of relevancy can be found in the law. Thus, questions of relevance must be determined in each case according to the teachings of reason and judicial experience. *State* v. *Runkles,* 174 Conn. 405, 413, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168 (1978); *State* v. *Corbett,* 12 Conn. App. 217, 220, 530 A.2d 208 (1987). "Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more prob-

able. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. . . . The Federal Rules of Evidence (§ 401) broadly define relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " (Citations omitted.) *State* v. *Villafane,* 171 Conn. 644, 674–75, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558 (1977).

Here, the items admitted into evidence corroborated the testimony of the police officers as to what they observed. Further, they aided the jury in its determination of whether a sale had transpired, and whether the goods sold were narcotics.

A trial court has broad discretion in its rulings on the relevance of evidence and in its determination of whether the probative value of evidence outweighs its prejudicial effect. Reversal is required only when there is an abuse of discretion or when an injustice has been done. *State* v. *Carr,* 172 Conn. 458, 464, 374 A.2d 1107 (1977). The probative value of the evidence objected to outweighed its prejudicial effect. We find no abuse of discretion or injustice in this case.

The defendant's final claim is that the trial court erred in denying his motion for a mistrial which was based on the state's closing argument. He claims that the argument was an improper indirect comment on his failure to testify. We disagree.

The prosecutor's challenged statement was: "Ladies and Gentlemen, if he wasn't standing there on the corner selling drugs, what was he doing?" The defendant's counsel promptly objected to the statement and the trial court immediately ordered it stricken from the record and clearly instructed the jury to "[d]isregard that tes-

timony." During its charge to the jury, the court stated: "Under the Fifth Amendment, ladies and gentlemen, a person cannot be compelled to testify in any criminal case wherein he is the accused. He may testify if he wishes to do so, but cannot, as I said, be compelled.

"These Fifth Amendment rights are granted by our constitution. And, the Court is required by the legislature to instruct you that you may draw no unfavorable inference from the decision of the defendant not to testify.

"I will direct you that the defendant's decision not to testify cannot be held against him. Such decision does not create any unfavorable inferences against him. It is not evidence of guilt nor is it a substitute for evidence of guilt.

"You are further directed by this Court not to discuss or consider his silence in any way or for any purpose in your deliberations." The jury rendered a guilty verdict, and the defendant then moved for a mistrial based on the comment by the state's attorney.

The question to be answered on a motion for mistrial is whether there was "substantial and irreparable prejudice to the defendant's case." Practice Book § 887. A mistrial is warranted only where the court concludes that as a result of some occurrence during trial a party has been deprived of the opportunity for a fair trial. Such a motion invokes the court's wide discretion. *State* v. *Kluttz,* 9 Conn. App. 686, 705, 521 A.2d 178 (1987).

Here, there was an immediate objection and instruction by the court that the jury was to disregard the comment. In addition, during the general charge, the jury was clearly instructed not to draw any adverse inference from the defendant's decision not to testify. Such instructions are entitled to great weight; *State* v. *Jenkins,* 8 Conn. App. 35, 44, 510 A.2d 1370 (1986);

and in the absence of a fair indication to the contrary, we must presume that the jury followed those instructions. *State* v. *Glenn,* 194 Conn. 483, 497, 481 A.2d 741 (1984).

There is no error.

In this opinion the other judges concurred.