### STATE OF CONNECTICUT *v.* ROBERT TODD MELILLO (6525)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 5—decision released November 22, 1988

*Robert M. Casale,* with whom, on the brief, was *Tara Knight,* law student intern, for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom, on the brief, was *Arthur Hadden,* former assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of possession of

cocaine with intent to sell and sale of cocaine, both in violation of General Statutes § 21a-278 (b).[1] The defendant claims that the trial court erred (1) in denying his motion for judgment of acquittal, and (2) in refusing to grant a mistrial. We find no error.

The jury could reasonably have found the following facts. On November 29, 1986, members of the Statewide Narcotics Task Force (task force) placed the defendant under air and ground surveillance for the purpose of observing a prearranged sale of narcotics by the defendant to a police informant. That morning, Detective Robert Sage met with the informant, searched him and his vehicle, gave him $1500 in bills that had been photocopied, and instructed him to purchase one ounce of cocaine from the defendant. As planned, the informant proceeded to the parking lot of the Corner Cafe to await the defendant's arrival.

At approximately 10:30 a.m., the defendant, driving a gray pickup truck, pulled into the parking lot of the Corner Cafe, where he entered the informant's automobile. The defendant and the informant left the parking lot in the informant's car and, after travelling a short distance, pulled over to the side of the road. Ser-

---

[1] General Statutes § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marihuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

geant Angelo Tosi, who had the vehicle under surveillance, observed the defendant, while in the car, turn something over in his hand. Thereafter, the two drove back to the Corner Cafe where the defendant returned to his truck and drove away. The informant proceeded to the parking lot of the Barbecue Restaurant and waited. Meanwhile, the defendant, by a circuitous route, drove to a remote, wooded area near the Cheshire town line where he exited his truck, walked directly to a tree, moved around its base, and returned to his truck. Sergeants Tosi and John Snow, having followed him, remained near the wooded area after the defendant departed. The defendant drove directly to the Barbecue Restaurant parking lot, and the informant entered the defendant's vehicle for a brief time. After leaving the defendant, the informant met task force members at a prearranged location. At that time, he turned over a substance which was field-tested and found to be cocaine. After searching the informant and his vehicle, no money was discovered.

Following this meeting with the informant, task force members searched the base of the tree where the defendant was observed earlier, and discovered a plastic container concealed by leaves and a rock. Inside this container, thirteen packets of white powder and a portion of a brick of the substance were found. The packets and brick were tested and determined to be cocaine.

The defendant's first claim on appeal is that the trial court erred in denying his motion for judgment of acquittal because the chain of circumstances presented at trial was insufficient to establish beyond a reasonable doubt that the defendant possessed the cocaine found in the woods. In support of this claim, the defendant argues that the state's case was based solely on circumstantial evidence and inferences that lacked adequate factual support.

"When the sufficiency of the evidence supporting a verdict is challenged, we must determine whether the trier of fact ' "could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt . . . ." ' *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983)." *State* v. *McCarthy,* 197 Conn. 166, 178, 496 A.2d 190 (1985); *State* v. *Parent,* 8 Conn. App. 469, 472, 513 A.2d 725 (1986). "In so doing, we construe the evidence in a manner most favorable to sustaining the verdict. *State* v. *Cimino,* 194 Conn. 210, 211, 478 A.2d 1005 (1984)." *State* v. *McCarthy,* supra, 178; *State* v. *Bettini,* 11 Conn. App. 684, 687, 528 A.2d 1180, cert. denied, 205 Conn. 804, 531 A.2d 937 (1987). This court will not reweigh the evidence or resolve questions of credibility in making such a determination. *State* v. *Boone,* 15 Conn. App. 34, 47, 544 A.2d 217 (1988).

Although the defendant is correct that the evidence presented at trial was mostly circumstantial, it is well recognized that, as to probative force, there is no distinction between direct and circumstantial evidence. *State* v. *Baskins,* 12 Conn. App. 313, 316, 530 A.2d 663, cert. denied, 205 Conn. 811, 532 A.2d 586 (1987). "Every element of the crime charged must be so proved, and while the jury is entitled to draw reasonable, logical inferences from the facts proved, they may not speculate or guess at conclusions. 'It is the cumulative impact of a multitude of facts, and not any one fact, which establishes guilt in a case involving substantial circumstantial evidence.' " Id., quoting *State* v. *Gaynor,* 182 Conn. 501, 503–504, 438 A.2d 749 (1980). The question for us to determine in this case is, therefore, whether it was reasonable and logical for the jury to have determined that the defendant possessed the cocaine. "In order to prove illegal possession of a nar-

cotic substance, it is necessary to establish that the defendant knew the character of the substance, knew of its presence and exercised dominion and control over it." *State* v. *Alfonso,* 195 Conn. 624, 633, 490 A.2d 75 (1985); *State* v. *Parent,* supra.

From the facts presented at trial it was reasonable for the jury to infer that the informant obtained the cocaine from the defendant and that the defendant retrieved it from the base of the tree in the wooded area where the police later found the container of cocaine. The cumulative effect of the evidence was sufficient to justify the jury's rationally concluding that the defendant constructively possessed the plastic container and its contents. While it is true that the state did not produce the informant at trial and the state's case was based primarily on circumstantial evidence, we conclude that there was sufficient evidence to present the case to the jury. See, e.g., *State* v. *Mullings,* 166 Conn. 268, 348 A.2d 645 (1974); *State* v. *Baskins,* supra. The trial court, therefore, properly denied the defendant's motion for judgment of acquittal.

In the defendant's second claim of error he asserts that the trial court erred in not granting his motion for a mistrial when a witness improperly mentioned the defendant's prior drug sales. In response to a question during direct examination regarding his instructions to the informant, Sage referred to previous drug sales between the defendant and the informant.[2] Instead of ordering a mistrial as the defendant requested, the court ordered the objectionable testimony stricken, and

---

[2] The officer testified as follows: "At that point I instructed him to meet with [the defendant] at the parking lot of the Corner Cafe in the town of Wallingford. I told him basically to purchase an ounce of cocaine from him. I wanted him to make sure that he maintained his purchase in the open parking lot so he would be observed by our surveillance and lastly, *but more importantly, I told him I wanted that particular purchase to be consistent with all the previous cocaine purchases that [the informant] had made from [the defendant].*" (Emphasis added.)

instructed the jury to disregard the officer's remarks.[3] The defendant argues that these measures were insufficient to overcome the overwhelming prejudice created by Sage's reference to prior drug sales. We do not agree.

"A mistrial is appropriate only where it is apparent to the court that as a result of some occurrence during the trial a party has been deprived of an opportunity for a fair trial. *State* v. *DeMatteo,* 186 Conn. 696, 703, 443 A.2d 915 (1982); *State* v. *Floyd,* 10 Conn. App. 361, 364, 523 A.2d 1323, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987)." *State* v. *Flinter,* 16 Conn. App. 402, 408, 548 A.2d 1 (1988). The burden is on the defendant to show that the challenged remarks were prejudicial in light of the entire proceedings. *State* v. *Binet,* 192 Conn. 618, 628, 473 A.2d 1200 (1984). The trial court is in the best position to determine whether a statement is so prejudicial as to rise to the level of unfairness; *State* v. *Hill,* 201 Conn. 505, 511, 523 A.2d 1252 (1986); and for this reason it has great latitude in ruling on a motion for a mistrial. *State* v. *Nowakowski,* 188 Conn. 620, 624, 452 A.2d 938 (1982). The question on appeal is not primarily whether the challenged remark was proper or improper, but

---

[3] The trial court, after discussing the language of the instruction with defense counsel, cautioned the jury as follows:

"The Court: . . . I've heard argument of counsel and I've determined that a portion of the officer's last answer is not appropriate and not properly made within our rules of evidence. So I've granted the defense's motion to strike a portion of the answer. And I'm going to ask you to disregard it completely in your deliberations. Any evidence that comes in that doesn't follow our rules of evidence, does not have the proper basis to be considered by you and you should disregard it.

"The officer testified at the end of his answer that he instructed [the informant] to make a purchase consistent with—and he made some reference to consistent with prior purchases of cocaine from the defendant. I'm going to—I've stricken that answer. I tell you to disregard it in your deliberations. You should not consider it in any way, because it is not proper evidence."

whether the trial court, in refusing to grant a new trial, so far exceeded or abused its discretion so as to warrant granting a new trial. *State* v. *Gaston,* 198 Conn. 490, 496, 503 A.2d 1157 (1986). In reviewing motions for mistrial, our Supreme Court has determined that "[i]f curative action can obviate the prejudice, the drastic remedy of mistrial should be avoided." *State* v. *Maldonado,* 193 Conn. 350, 356, 478 A.2d 581 (1984), citing *State* v. *Altrui,* 188 Conn. 161, 173, 448 A.2d 837 (1982).

The officer's remark, although improper, was isolated, inadvertent, and in reply to a question by the prosecutor that did not elicit prejudicial material. This is not a situation in which prosecutorial misconduct is claimed. See *State* v. *Dolphin,* 195 Conn. 444, 452, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985); *State* v. *Flinter,* supra. Furthermore, the witness' comment was not irreparably harmful. We are convinced that the prompt curative instruction given by the court adequately remedied any prejudice the defendant may have suffered. In addition, the case against the defendant was sufficiently strong so that " 'in all probability [the jury] would have found him guilty even absent the improper remarks.' " *State* v. *Flinter,* supra, 410, citing *United States* v. *Modica,* 663 F.2d 1173, 1181 (2d Cir. 1981). In light of the entire proceedings, we conclude that the defendant was not deprived of an opportunity for a fair trial and, therefore, the trial court's denial of the defendant's motion for a mistrial was well within the broad scope of its discretionary powers.

There is no error.

In this opinion the other judges concurred.