## STATE OF CONNECTICUT *v.* KEITH BRYANT
### (6342)

BORDEN, DALY and O'CONNELL, Js.

Argued October 13, 1988—decision released February 28, 1989

*Stephen V. Moran,* assistant public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom was *Elpedio Vitale,* deputy assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), sexual assault in the third degree in violation of General Statutes §§ 53a-72 (a) (1) (A) and 53a-72 (a) (1) (B), and risk of injury to a child in violation of General Statutes § 53-21. The defendant claims the court erred (1) in refusing to declare a mistrial on the ground that the state had suppressed exculpatory evidence, (2) in excluding character evidence, and (3) in denying the defendant's motion for mistrial after the examining physician had stated her diagnosis. We find no error.

The jury could reasonably have found the following facts. On the day in question, the victim, a fourteen year old, eighth grade student, walked to a classmate's home after school, and remained there until approximately 8:30 p.m. At that time, the victim and her classmate left the classmate's home intending to walk together to the victim's home. Shortly after leaving the house, they encountered the defendant whom they had met briefly that afternoon. The defendant offered to escort the victim the rest of the way and the classmate returned to her own house. After walking a short distance, the defendant told the victim that he knew a shortcut through a park. Soon after entering the park, the defendant threw the victim to the ground and sexually assaulted her.

I

The defendant claims error in the denial of his motion for a mistrial filed on the ground that the state had failed to disclose exculpatory material. On the last day of trial, the defendant's sister was testifying concerning the victim's reputation for truth and veracity. In an offer of proof, in the absence of the jury, she stated that the victim had stolen money from the state's attor-

ney's office. In addition, after defense counsel's summation, he informed the court that the defendant's mother had stated to him that a friend of the victim had told her that the victim had stolen money from the prosecutor during the course of the trial. He then moved for a mistrial claiming that the state had failed to disclose the theft as exculpatory material. *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The state's attorney replied that he did not feel the theft information came within the scope of *Brady* or its progeny.

It is rudimentary that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* v. *Maryland,* supra, 87. "[T]he rubric of exculpatory information includes information affecting the credibility of witnesses." *State* v. *Simms,* 201 Conn. 395, 405, 518 A.2d 35 (1986).

To demonstrate a *Brady* violation, the defendant must meet a three prong test: (1) that the prosecution suppressed evidence after a request by the defense; (2) that the evidence was favorable to the defense; and (3) that the evidence was material.[1] *Moore* v. *Illinois,* 408 U.S. 786, 794–95, 92 S. Ct. 2562, 33 L. Ed. 2d 706 (1972). The first prong of the *Brady* test is eliminated in Connecticut by General Statutes § 54-84c which imposes a continuing duty on the state to disclose all exculpatory information regardless of a request by the defendant.[2]

---

[1] " '[E]vidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceedings would have been different.' " *State* v. *Milner,* 206 Conn. 512, 539 n.13, 539 A.2d 80 (1988), quoting *United States* v. *Bagley,* 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985).

[2] "[General Statutes] Sec. 54-86c. DISCLOSURE OF EXCULPATORY INFORMATION OR MATERIAL. (a) Not later than thirty days after any defendant

"Suppression" is a word of art and failure to disclose all material which is arguably exculpatory does not constitute "suppression" requiring *Brady* sanctions. Our courts have frequently held that if the defendant or his counsel are aware of exculpatory material or learn of exculpatory material during trial, in time to make use of it, there is no "suppression" in the *Brady* sense. *State v. Simms,* supra, 407; *State v. Reddick,* 197 Conn. 115, 121, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986); *State v. Dolphin,* 195 Conn. 444, 455–56, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985); *State v. Altrui,* 188 Conn. 161, 177, 448 A.2d 837 (1982); *State v. Perez,* 181 Conn. 299, 309, 435 A.2d 334 (1980); *State v. Johnson,* 14 Conn. App. 586, 598, 543 A.2d 740, cert. denied, 209 Conn. 804, 548 A.2d 440 (1988).

In the present case, the defendant was obviously aware of the alleged theft during trial because he proffered evidence of it through a witness before resting his case. Thus, he had knowledge of it in time to make effective use of it or to request a sanction less drastic than a mistrial, such as a continuance or recess to investigate the information further.

We conclude that the defendant has not sustained his burden of showing that a *Brady* violation occurred. Accordingly, the trial court did not abuse its discretion in refusing to declare a mistrial.

enters a plea of not guilty in a criminal case, the state's attorney, assistant state's attorney or deputy assistant state's attorney in charge of the case shall disclose any exculpatory information or material which he may have with respect to the defendant *whether or not a request has been made therefor.* If prior to or during the trial of the case, the prosecutorial office discovers additional information or material which is exculpatory, he shall promptly disclose the information or material to the defendant." (Emphasis added.)

## II

The defendant also claims that the trial court erred in excluding a defense witness's testimony concerning the victim's reputation for truth and veracity in the community.

The defendant called his sister to the stand and inquired, "Now, do you know the reputation for truthfulness of [the victim]?" She responded affirmatively. The state objected, claiming that the defendant failed to lay a foundation for this testimony. In an offer of proof, in the absence of the jury, the witness testified that she had lived in the Fair Haven section of New Haven for seven to eight years and that the victim had spent a lot of time in that area. She claimed to know a Cynthia Johnson who is acquainted with the victim and claimed that Johnson had told her that the victim had stolen $50 from Johnson and $150 from the state's attorney's office during the course of the trial.[3] (See section I, supra.) In response to questions by the defendant's attorney concerning the victim's reputation, the defendant's sister stated, "She's lying, she's lying on the defendant." The defendant's attorney continued, "Well, you have to answer the question. You have had some occasion to form an opinion as to what her reputation is for truthfulness?" She replied, "Yes, it is very bad."

In excluding this witness's opinion of the victim's reputation, the court stated that the defendant had failed to lay an adequate foundation. Reputation evidence represents the community's belief as to the character or disposition of a person. *State* v. *Blake,* 157 Conn. 99, 104, 249 A.2d 232 (1968). It may be elicited

---

[3] At trial, the defendant expressly stated that this information was not offered as specific acts of misconduct, but solely for the purpose of proving the victim's reputation in the community.

only from a witness who has had the opportunity to know, and who does know, the general reputation of the individual at issue. Id.; *State* v. *Egan,* 9 Conn. App. 59, 63, 514 A.2d 493, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986). It is within the trial court's discretion to disallow reputation evidence when the proponent fails to provide a sufficient foundation. *State* v. *Cox,* 7 Conn. App. 377, 386, 509 A.2d 36 (1986).

Here, the witness' testimony disclosed that she was relying exclusively on the statements of one individual as a basis for her purported knowledge of the victim's reputation in the community. There is no indication that she had ever discussed the victim's reputation with any other persons. Consequently, her remarks are no more than bald assertions of an interested party. Hence, we cannot conclude that the trial court erred in excluding this testimony for lack of a sufficient foundation.

### III

The defendant next argues that the trial court erred in denying his motion for mistrial filed after the state's expert witness had testified that her diagnosis of the victim's condition was "rape." The witness was a physician who had examined the victim at Yale-New Haven Hospital on the night of the crime. The trial court had just ruled that the physician could answer a question concerning her diagnosis of the patient because the question and the anticipated reply concerned the results of medical findings from the examination. The trial court did not foresee that the answer would include an opinion of the circumstances under which any sexual contact may have taken place. This ruling was correct. The physician, however, did not restrict her answer to medical findings but unexpectedly concluded her answer with the statement that "I have a diagnosis of rape." This answer is clearly inadmissible.

"The testimony of the doctor regarding whether the intercourse was consensual went beyond the scope of permissible expert testimony because it involved an opinion based on factors outside the realm of [her] professional expertise." *State* v. *Apostle,* 8 Conn. App. 216, 232, 512 A.2d 947 (1986). The trial court struck the physician's response and in addition gave the jury a curative instruction to the effect that the offending portion of the answer should be disregarded.

At the conclusion of the physician's direct examination the defendant moved for a mistrial. The court properly ruled that the issue of whether the sexual contact constituted sexual assault was the ultimate issue for the jury's determination. Considering its curative instruction adequate, however, the court denied the motion.

When a jury has heard inadmissible evidence, curative instructions are given great weight on appeal and absent any indication to the contrary we presume the jury followed the judge's instructions. *State* v. *Melillo,* 17 Conn. App. 114, 119–20, 550 A.2d 319 (1988). The trial court has broad discretion in ruling on a motion for mistrial and it is the defendant's burden to show that the challenged remark was prejudicial in light of the entire proceedings. Id. The defendant has not sustained this burden; thus we conclude that the trial court did not abuse its discretion in refusing to declare a mistrial.

There is no error.

In this opinion the other judges concurred.