IN RE BENJAMIN C.*
(8195)

SPALLONE, DALY and LAVERY, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued April 17—decision released July 31, 1990

*Margaret G. H. Moreau,* deputy assistant public defender, with whom, on the brief, was *Ann M. Guillet,* assistant public defender, for the appellant (respondent).

*Bruce A. Tonkonow,* state's advocate, for the appellee (petitioner).

LAVERY, J. The respondent, a minor, appeals from a judgment of delinquency based on one count of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The dispositive issue is whether the cumulative effect of the evidence was sufficient for the trial court to find the defendant guilty beyond a reasonable doubt. We disagree with the judgment of the trial court and reverse.

The trial court could reasonably have found the following facts. On January 5, 1989, at approximately 4:30 p.m., two uniformed Hartford police officers were on patrol in the area of the Charter Oak Terrace housing project. The officers observed the respondent standing in front of 16 Admiral Street, an area known to the officers to be the site of frequent drug sales. The officers established a "loose" surveillance about a quar-

ter of a block from the respondent, after observing him in an encounter with the occupants of a car that had stopped briefly. Over the course of four or five minutes, the officers observed two or three more cars approach the respondent. The occupants of each car engaged in a brief conversation with the respondent and moved on. The respondent then returned to his original location adjacent to 16 Admiral Street. The officers approached the respondent to investigate further. As they approached, the respondent bent down as if tying his shoe. One officer asked the respondent for identification, while the other officer searched the area where the respondent had been standing. The second officer discovered a brown paper bag forced under the vinyl siding of the house at 16 Admiral Street. The bag, about an inch of which was visible, contained four small plastic bags of cocaine. There were no other people in that area. After discovering the brown bag and examining the contents, the police arrested the respondent. A search of the respondent incident to that arrest yielded two $20 bills.

On appeal, the respondent claims that the cumulative effect of the evidence at trial was insufficient to establish, beyond a reasonable doubt, that the respondent was in actual or constructive possession of illegal narcotics.

The respondent argues that the state's case was based on inferences that lacked adequate factual support. The respondent asserts that the state failed to meet its burden of establishing beyond a reasonable doubt that the respondent knew of the presence of cocaine, knew the character of the substance, or exercised dominion or control over the substance. The respondent further asserts that in the absence of any evidence or testimony that would tend to prove that he had actual possession or exercised actual or poten-

tial control over the area where the brown bag was discovered, the factfinder had to speculate or guess at conclusions of fact in order to find him guilty.

In reviewing cases challenging the sufficiency of the evidence supporting a verdict, we must examine whether the trier of fact could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983). *State* v. *Melillo,* 17 Conn. App. 114, 117, 550 A.2d 319 (1988). When applying this standard, we construe the evidence in a manner most favorable to sustaining a verdict. *State* v. *Bettini,* 11 Conn. App. 684, 687, 528 A.2d 1180, cert. denied, 205 Conn. 804, 531 A.2d 937 (1987). Therefore, the only question before us in this case is whether, from the facts presented at trial, it was reasonable and logical for the factfinder to determine that the respondent had constructive possession of the cocaine.

To prove possession of an illegal narcotic substance, the prosecution must establish beyond a reasonable doubt that the respondent knew the character of the substance, knew of its presence and exercised dominion or control over it. *State* v. *Parent,* 8 Conn. App. 469, 473, 513 A.2d 725 (1986); see also *State* v. *Alfonso,* 195 Conn. 624, 633, 490 A.2d 75 (1985). The mere presence of the respondent in the vicinity of a narcotic substance is insufficient to support the inference of possession without some additional fact connecting him to the contraband. *State* v. *Alfonso,* supra, citing *Evans* v. *United States,* 257 F.2d 121, 128 (9th Cir.), cert. denied, 358 U.S. 866, 79 S. Ct. 98, 3 L. Ed. 2d 99 (1958).

In this case, there was no evidence, either circumstantial or direct, offered to show that the respondent

had actual physical possession of the cocaine. He neither owned, controlled nor exercised dominion, actual or potential, over the general area where the brown bag was found. The bag was found under the siding of a house adjacent to a public street on which there was a history of heavy drug activity. Despite the officers' continued surveillance of the respondent, they never observed anything in his hands, nor did they see him give anything to or receive anything from any of the occupants of the cars. The officers did not hear any conversation between the respondent and the occupants of any of the cars. They did not see the respondent place the bag under the siding, go to the bag or take anything from the bag. The officers never saw the respondent remove anything from his pocket or place anything on the ground. The record is devoid of any evidence that would allow a factfinder to infer that the respondent actually or constructively possessed the cocaine or engaged in any other drug activity.

Bending over as if to tie one's shoe is one of those innocent gestures that can be mistaken for a guilty movement. The motivation for such an action may run the whole spectrum from the most legitimate to the most heinous. It is because of this danger that the law requires more than a mere furtive gesture to constitute probable cause for a search or arrest, let alone proof beyond a reasonable doubt for conviction. *Smith* v. *State,* 542 S.W.2d 420, 422 (Tex. Crim. App. 1976).

We have recently decided a case with a factual setting similar to the one before us today. *State* v. *Brunori,* 22 Conn. App. 431, 578 A.2d 139 (1990). In that case, the defendant was arrested on a charge of possession of narcotics and drug paraphernalia when police officers found cocaine and a hypodermic needle in the proximate area where the defendant was observed bending down. Id., 433.

In *Brunori,* as here, the state sought a conviction based upon the defendant's constructive possession of the contraband without first establishing a sufficient factual nexus between the defendant and the narcotics found in a public place. In *Brunori,* we wrote, "[t]o mitigate the possibility that innocent persons might be prosecuted for such possessory offenses and to assure that proof exists beyond a reasonable doubt, it is essential that the state's evidence include more than just a temporal and spatial nexus between the defendant and the contraband." Id., 436–37.

The state cites two cases; *State* v. *Melillo,* supra, and *State* v. *Thompson,* 20 Conn. App. 290, 567 A.2d 837 (1989); to support its position that the trial court's verdict should be sustained. Those cases are distinguishable from the present case. In both cases there was a factual nexus between the respondent and the drugs. In *Melillo,* the defendant was under constant surveillance while an informant made a controlled buy. In *Thompson,* police officers watched the defendant for two hours waving cars down, engaging in brief conversation with the driver or passenger, repeatedly bending down to retrieve something from the ground at the rear of an abandoned vehicle and exchanging items with the driver or passenger of the waiting vehicles. The police stopped one of these vehicles and the driver gave them a packet of cocaine. The officers arrested the defendant with $244 in his possession. Under the abandoned car they found cocaine. No such factual nexus existed in the present case. The officers did not see anything in the respondent's hands, did not see the respondent exchange anything with the driver or passenger of the stopped car and did not see the respondent go to the paper bag under the vinyl siding let alone put the bag under the vinyl siding. We dis-

agree with the trial court. There is insufficient evidence of possession to sustain the judgment of conviction.

The judgment is reversed, and the case is remanded with direction to render a judgment of acquittal.

In this opinion the other judges concurred.